EDWARD K. THAYER *vs.* ERASTUS B. BADGER,
administrator.

Suffolk.    March 16, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Surviving Partner — Commission on Sale of Merchandise to New Firm —*
*Law and Fact.*

It is not an absolute rule of law that a surviving partner has no right to turn over
merchandise of the late firm to a new firm of which he is a member, to be sold
under commission by the latter, and that the commission charged, or at least
the surviving partner's share, should not be allowed in the account between
him and the executor of his deceased partner.

CONTRACT, by the surviving partner of the firm of Hayden
and Thayer, to recover a balance alleged to be due from the de-
fendant, as administrator of the estate of his deceased partner,
on the settlement of the firm's affairs.

The case was submitted to an auditor, and the sole question
was whether the plaintiff had a right to pay a commission to the
new firm of Thayer, Owen, and Tyler, of which he was a mem-
ber, for selling the property of the firm of Hayden and Thayer
in liquidation.    The auditor found " as a fact, that the method
adopted by the surviving partner in disposing of the merchandise
of the old firm in the course of the settlement of the affairs of
that firm was a prudent and reasonable one ; that the charge for
selling merchandise made by the new firm was a reasonable one ;
and ruled, as matter of law, that there was no objection under
the circumstances to the charge of $650 commission made by
the firm of Thayer, Owen, and Tyler for selling the merchandise
of the firm of Hayden and Thayer in liquidation."

At the trial in the Superior Court, on the auditor's report
alone, without a jury, before *Hardy*, J., the defendant asked a
ruling that the surviving partner had no right to make any
charge for winding up the affairs of the late firm, and therefore
had no right to turn over the merchandise of the firm of Hayden
and Thayer to be sold by the firm of which he was a member on
commission, and that the sum charged by such firm as a com-

mission for making the sale, or at least that portion of such commission which the surviving partner was entitled to as a member of said new firm, ought not to have been charged in the account. The judge declined so to rule, adopted the findings of the auditor, and found for the plaintiff; and the defendant alleged exceptions.

The judge reported the case for the determination of this court. If the ruling was right, the finding was to stand; if wrong, a new trial was to be granted.

*H. W. Ogden*, for the defendant.

*H. N. Berry*, for the plaintiff.

HOLMES, J. The only question in this case is whether the judge below was bound to rule, as matter of law, that a surviving partner has no right to turn over merchandise of the late firm to a new firm of which he is a member, to be sold upon commission by the latter, and that the commission charged, or at least the surviving partner's share, should not be allowed in the account between him and the executor of his deceased partner. In this case the auditor has found that the course adopted was prudent and reasonable, and the charge reasonable. Whether we should have made the same findings we cannot tell, but, they having been made and we being bound by them, we are not disposed to go so far as to say that it is impossible that the charge should have been justified by the saving to the old firm and the trouble to the new from the arrangement. It is true, no doubt, that there is a disinclination to allow pay to a surviving partner for winding up; *Dunlap* v. *Watson*, 124 Mass. 305; but the tendency is to deal with such questions on their particular circumstances, rather than by absolute rules. *Turnbull* v. *Pomeroy*, 140 Mass. 117, 118. *Robinson* v. *Simmons*, 146 Mass. 167, 176.

*Finding to stand.*