RUGGLES v. BUCKLEY et al.

(Circuit Court of Appeals, Sixth Circuit. January 18, 1910.)

No. 1,986.

1. PARTNERSHIP (§ 83\*)—SERVICES—COMPENSATION.

In the absence of a special agreement, a partner is not entitled to compensation for his services for the firm in additon to his share of the profits.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 131; Dec. Dig. § 83.\*]

2. PARTNERSHIP (§ 253\*)—DISSOLUTION—PARTNERSHIP BUSINESS—NEW BUSINESS—COMPENSATION FOR SERVICES.

Where, after dissolution of a firm, a partner winding up the business enters into a new business and assumes obligations and risks not imposed on him by the partnership agreement, and the new business is successful and the other partner or his representatives elect to share in the

---

profits thereof, the partner conducting the new business under the firm name might properly be allowed compensation for his services.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 550; Dec. Dig. § 253.*]

**3.** PARTNERSHIP (§ 253*) — DISSOLUTION — TRUST PROPERTY — MANAGEMENT — SERVICES OF MANAGING PARTNER—COMPENSATION.

On dissolution of a partnership, it owned an undivided interest in certain timber tracts, the titles to which complainant held in trust for the benefit of the firm and for other investors, whose interest was proportionate to the amount their money bore to the whole amount of money invested in the lands. On dissolution of the firm, the trust lands did not go to the receiver of the partnership, but were left under the control of complainant as trustee, who continued to manage and control such as had not been disposed of as before. *Held*, that he was not entitled to compensation for his services in managing such trust lands from the assets of the firm in addition to his share of the profits.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 550; Dec. Dig. § 253.*]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

Suit by Charles F. Ruggles against Edward Buckley and others. Judgment for defendants, and complainant appeals. Affirmed.

Frank L. Fowler, for appellant.

Watts S. Humphrey, for appellees.

Before LURTON and WARRINGTON, Circuit Judges, and Mc-CALL, District Judge.

McCALL, District Judge. This case was before this court at a former term. The conclusion reached then is reported in Ruggles v. Buckley et al., 158 Fed. 950, 86 C. C. A. 154.

The only question we have for decision now is whether or not under the facts of this particular case a partner of a dissolved copartnership is entitled to any compensation out of the partnership fund for services in respect to partnership assets, which were rendered by him from and after the date of the dissolution of the partnership.

The facts that need be stated for present purposes are that by interlocutory and final decrees of the Circuit Court of the United States for the Western District of Michigan, which were affirmed by this court it was adjudged that Charles F. Ruggles and Edward Buckley, prior to December 12, 1903, were partners, which partnership was on the date last named dissolved and a receiver appointed; that at the date of the dissolution the partnership owned, among other things, an undivided interest in 28,837 acres of timbered land located in the state of Minnesota, and 1,597.27 acres of land located in the state of Michigan; that the legal titles of all of these lands were held by Charles F. Ruggles in trust for the benefit of the partnership of Ruggles & Buckley, and other investors who are not parties to this cause, under a written agreement which authorized said Ruggles to manage, control, and dispose of said lands. (These lands are hereinafter designated "trust lands.") These trust lands did not go into the custody or control of the receiver, but were left under the management and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

control of Ruggles, trustee, and he managed and controlled them after the dissolution of the partnership, just as before, and so continues to manage and control such as have not been disposed of. While the title to the trust lands is vested in Ruggles, they belong to Ruggles & Buckley, Charles F. Ruggles, and other investors, and each owns such interest therein as the amount of money each has invested bears to the whole amount invested in these lands.

The concrete case here is: Complainant Ruggles applied to the Circuit Court for an order determining that he is entitled to reasonable compensation out of the partnership funds of Ruggles & Buckley for his services in respect to the management, control, and sale of these trust lands, rendered since the partnership was dissolved, December 12, 1903. The application was denied by the court below, and he has appealed and assigned errors.

The general rule is well settled, and no contention was made with respect thereto at the hearing, that, "in the absence of special agreement, a partner is not entitled to compensation for his services for the partnership, but must be content with his share of the profits, if any." Mechem on Partnership, § 119; Godfrey v. White, 43 Mich. 171, 5 N. W. 243; Cameron v. Francisco, 26 Ohio St. 190, 194. This rule clearly applies to cases wherein the partnership is a going concern with the partners all alive and giving more or less of their time and labor to the partnership business. But where the partnership is dissolved by death of one of the partners, or by a decree of the court, as in this case, the rule is not so well settled. Indeed, there seems to be a diversity of decisions in relation thereto. After all, the holding in any given case must at last turn upon the facts of that particular case. Thayer v. Badger, 171 Mass. 279, 50 N. E. 541; Schenkl v. Dana, 118 Mass. 236.

We are inclined to hold that the greater weight of authority sustains the proposition that, in cases wherein the partnership is dissolved by death of one of the partners or by operation of law, the partner who winds up the business would not be entitled to compensation in the absence of an agreement to that effect. Where such partner so winding up the partnership business enters into new business and assumes obligations and risks not imposed upon him by the partnership agreement, and such new business is successful, and the other partner, or, if he be dead, his representatives, elect to share in the profits of the new business, the partner so conducting such new business under the partnership name might properly be allowed compensation for his services. Condon v. Callahan, 115 Tenn. 285, 89 S. W. 400, 1 L. R. A. (N. S.) 643, 112 Am. St. Rep. 833, and authorities there cited; Maynard v. Richards, 166 Ill. 466, 46 N. E. 1138, 57 Am. St. Rep. 145; Griggs v. Clark, 23 Cal. 427; Dunlap v. Watson, 124 Mass. 305, 306; Zell's Appeal, 126 Pa. 329, 17 Atl. 647; Cameron v. Francisco, supra; Shelton v. Knight, 68 Ala. 598, 600; Necker v. Harvey, 49 Mich. 521, 14 N. W. 503.

But this case does not fall within the exception. Complainant Ruggles has entered into no new business. He has assumed no obligation other than those self-imposed by the written agreement, nor has he assumed any new liability, nor is he using the partnership funds in

any new venture. He has only rendered the services he stipulated to render while the partnership existed, and that which he requested to be permitted to continue and agreed to continue at the time the receiver was appointed.

He was empowered to manage, control, and sell this trust property at such time and in such quantities as his judgment approved. He is leaving the partnership investment just where it was until he sees fit to close it up by the sale of the lands and distribute the funds in accordance with the trust agreement. He has it in his power, so long as he does not abuse his trust, to terminate or continue the business, and, if he has seen proper to continue this business for years, he should not complain that he is receiving no compensation for his service other than his part of the profits, if any, just as is provided for in the trust agreement. Not only so, but there are others besides Buckley interested in these trust lands, and share in the benefit of Ruggles' labor.

Should a court of equity, in a case like this, decree that Ruggles, the trustee, should be compensated for his service out of the fund alone of Ruggles & Buckley, and thus charge half of this expense to Buckley, while all others interested in this enterprise go free from contributing their just share of such charge? This would be to place the burden of half of Ruggles' compensation on Buckley without any reason for so doing other than the fact that he is a partner with Ruggles in this business.

It is insisted that such a course would be justifiable, because the receiver, having in charge all the business of Ruggles & Buckley, except the trust lands, employed Buckley at a good salary to assist him in that work, and hence it should follow that, since Buckley received this compensation he, Ruggles, should be paid for his work as trustee in connection with the trust land business. We see no force in this insistence. The result to Ruggles is the same whether the receiver employed Buckley or some one else. Moreover, Buckley rendered these services under an express agreement for compensation, while Ruggles rendered his services without any such agreement, and without any expectation on the part of any of the persons in interest to allow him compensation.

We find no error in the action of the court below in denying the application of the complainant for compensation and the same is affirmed, with costs.

Judge LURTON was a member of this court and was present when this case was heard, and concurred in the conclusion reached, but before the opinion was prepared and announced he was appointed an Associate Justice of the Supreme Court of the United States.