RUGGLES v. BUCKLEY et al.

(Circuit Court of Appeals, Sixth Circuit. March 29, 1910.)

No. 1,986.

PARTNERSHIP (§ 307*)—PARTNERSHIP BUSINESS—SETTLEMENT—COMPENSATION OF SETTLING PARTNER.

Where certain trust land transactions constituted a branch of the general business of a partnership, and on dissolution this branch was left in the hands of the liquidating partner for settlement, he, not being entitled as against the firm to compensation for his services in closing the firm's business was not entitled to retain for his own benefit all compensation received by him after dissolution in the sale of the trust lands and timber in the settlement of the trust.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 710, 711; Dec. Dig. § 307.*]

On rehearing. Denied.

For former opinion, see 175 Fed. 57.

Before WARRINGTON, Circuit Judge, and McCALL, District Judge.

McCALL, District Judge. The relief sought by the petition to rehear is stated in the petition, and is as follows:

"That the opinion and decree of this court and of the court below shall be so modified as to provide that the complainant, Ruggles, in accounting for the proceeds realized by him from the sale of trust lands and timber, shall retain for his own sole use and benefit all compensation earned by him under the contracts between himself and outside investors, for services rendered by him subsequent to the dissolution of the partnership, in caring for and protecting the interests of such outside investors in the trust lands, and that he shall also retain for his own sole use and benefit, from the proceeds of the partnership interest in said trust lands, a fair compensation for his services subsequent to the dissolution of the partnership in caring for and protecting the partnership interest in said lands, such fair compensation to be determined as above outlined or by reference to a master."

The pith of the relief prayed for is stated in a question propounded in the second paragraph, page 3, of the petition to rehear, and is as follows:

"Is Buckley entitled to share in Ruggles' compensation from the outside investors for his services after the dissolution of the partnership, in taking care of their investments in which the partnership had no interest?"

In the case of Ruggles v. Buckley, 158 Fed. 980, 86 C. C. A. 154, this court decided that Ruggles and Buckley were partners, and that the trust land business was a branch of their general partnership business. In the opinion of the court, announced January 4, 1910, and

which it is now sought to have reviewed and modified, we held in substance that, since Ruggles and Buckley were partners, Ruggles was not entitled to compensation for his services in winding up the partnership business of Ruggles & Buckley, which was at his instance left in his hands for that purpose, in the absence of an agreement to that effect. Ruggles v. Buckley (C. C. A.) 175 Fed. 57.

This trust land business was carried on in the names of Ruggles and such other investors as became interested with him. But Ruggles represented and stood for the partnership of Ruggles & Buckley. The agreements made between Ruggles and outside investors provided, among other things:

First. There was to be repaid to each investor (including Ruggles) the amount of his cash investment.

Second. Pay each investor (including Ruggles) interest, as a preferred profit on his cash investment at 7 per cent. per annum from the time of his investment.

Third. Pay to Ruggles one-half of the remaining profit, "in consideration of his business skill, time, and services in directing what shall be done."

Fourth. Divide the other half between all the investors (including Ruggles), in the respective proportions which each one's investment bears to the whole investment, with due regard for the time each investor's portion was invested.

Fifth. Any losses were to be borne in the same proportion as profits were to be divided.

Thus it is seen that, since Ruggles stood for Ruggles & Buckley in this trust land business, any money furnished by him to it was the money of the firm of Ruggles & Buckley, unless it is clearly made to appear that it was not so invested for the firm, and the interest thereon and the profits or losses sustained in the business would be shared equally between Ruggles and Buckley. This disposition of the assets and profits and loss in the trust land business, as between Ruggles and Buckley, is in accord with the findings of this court in Ruggles v. Buckley, 158 Fed. 980, 86 C. C. A. 154. The outside investors do not compensate Ruggles for his business skill, time, and services, except as stipulated in the contract just stated, and such compensation goes to Ruggles for the firm of Ruggles & Buckley.

The relief now sought under the petition to rehear is based upon the proposition to change the contract under which the trust land business was entered into and conducted, to the extent of giving to Ruggles more than his half of the profits arising to the firm of Ruggles & Buckley out of 'the trust land business. And, as a reason for this change in the contract, it is insisted that, since the partnership was dissolved in 1903 by the decree of the court, Ruggles should not be held to abide by the terms of the contract in its relation to himself and Buckley since that time. And in justification of this proposed change in the contract, it is pointed out that, after the firm was dissolved and the receiver appointed, the receiver employed Buckley at a salary to aid in the winding up of the receivership, and that Buckley is being paid out of the assets of the business for his work under the receiver-

ship, which work is of the same character that he was doing for the partnership without compensation prior to the appointment of the receiver, and Ruggles should not be required to continue to render his services to the partnership business, since the receivership proceedings, without compensation.

It seems that counsel for Ruggles loses sight of the fact that the trust land branch of the business of Ruggles & Buckley never went into the hands of the receiver at all, but was left just where it was, in the hands of Ruggles, at his instance, to be wound up by him as one of the partners instead of by a receiver. We disposed of this point in the opinion of January 4, 1910, by saying:

"We see no force in this insistence. The result to Ruggles is the same, whether the receiver employed Buckley or some one else. Moreover, Buckley rendered these services under an express agreement for compensation, while Ruggles rendered his services without any such agreement, and without any expectation on the part of any of the persons in interest to allow him compensation."

This paragraph must be read in the light of all the facts of the case, and, when so read, it means that Ruggles agreed to and is rendering his services in the trust land business without any agreement for compensation therefor, and without any expectation on the part of any of the persons in interest to allow him compensation, otherwise than is provided for in the contract relating to the trust land business.

We see no sufficient reason for granting the petition to rehear, and the same is denied, with costs.