BYRD *v*. KING.

[82 South. 312, Division A. No. 20764.]

1. PARTNERSHIP. *Administration of on death of member.*
    A surviving member of a partnership who took out letters of administration on the partnership estate, was properly allowed a credit in his final account for money paid out of his individual funds in settlement of partnership debts.

2. PARTNERSHIP. *Administration on death of member. Compensation.*
    The rule is well settled, that no compensation is to be allowed to the surviving partner for service rendered in the administration and settlement of the partnership estate, unless such compensation is authorized by statute or partnership agreement or some other valid understanding.

3. SAME.
    There is no statute in Mississippi providing for such compensation to a surviving partner.

APPEAL from the chancery court of Neshoba county. HON. A. Y. WOODWARD, Chancellor.

In the matter of the estate of Byrd & King, a partnership. From a decree in favor of J. D. King, administrator, on exceptions to final account, Mrs. May Bird appeals. The facts are fully stated in the opinion of the court.

*Byrd & Byrd,* for appellant.

The court will bear in mind that this is not an ordinary adminstration, but that the estate is a partnership estate and the surviving partner, acting as administrator, is winding it up. Now our contention is, and was in the lower court that, being the surviving partner, under the law, King was entitled to no compensation for the services rendered in the administration of the closing up of the affairs of the partnership. It is a universal principle of law, adhered to by all of the courts of the land, that a surviving partner is not entitled to compensation for the winding up of a partnership estate that being one of the burdens he assumes when the partnership is formed, unless there is an agreement to the contrary between the partners. An administrator cannot recover compensation for the services rendered in the closing of the partnership unless by agreement or under a specific statute for that purpose. In this case, there was no agreement or understanding of any kind and there is no statute in this state changing the common law on the subject. In support of this contention, we cite the following authorities which, in our judgment, are absolutely conclusive to wit: "No compensation is allowed to the surviving partner unless authorized by statute or partnership articles." 30 Cyc. 635.

The authority above quoted is sustained by numerous authorities from Alabama, California, Idaho, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Missouri, New York, Pennsylvania, Rhode Island, Tennessee, Wisconsin, United States Supreme Court Reports, England and Canada.

"In the event of the death of one member of the firm the surviving partner is not ordinarily entitled to compensation for his services in winding up and settling the partnership affairs, in the absence of an agreement

therefor, or special circumstances, for the law enjoins this duty on him as an incident of the contract of partnership, and death of his colleague is one of the ordinary risks which a partner takes, and therefore he is not entitled to extra compensation in connection with his task. Hence a surviving partner of a firm of attorneys at law is bound to complete all of the business undertaken or agreed to be done by the firm in the lifetime of his co-partner is terminated by the latter's death. Within the meaning of this rule, the winding up of the affairs of a partnership is restricted to the selling of the firm property, receiving money due the firm, paying its debts, returning the capital contributed by each partner, and dividing the profits." 20 R. C. L., sec. 237, page 999, and the numerous authorities there cited.

The same rule is announced in every text book that we have been able to examine on the subject and especially is this true in Rowley on Modern Law of Partnership, section 353 and 637.

In the case of *Consual* v. *Cummings,* v. *Law. Edition* (U. S. Sup. Ct. Rep.), page 192, the court, speaking through Justice LAMAR, said: "The law did not permit him to appoint a substitute, nor can his personal representatives, no matter how well qualified, assist in the winding up of the affairs of the firm. Whether that be considered a right or a duty, it is in either event, cast on the survivor. In performing it, he only carries out an obligation implied in the partnership relation, and is therefore entitled to no compensation for this doing what he was bound to do, and what would have been imposer on the other had the order of their death been different. To allow the survivor compensation wherever he continues the business would be to offer an inducement to delay the settlement which ought to be made as soon as possible." Page 196. The same doctrine is upheld in *Williamson* v. *Peterson,* 17 L. R. S. (N. S.),

page 385, and in *Ruggles* v. *Buckley,* 27 L. R. A. (N. S.), page 541.

In the case of *Harrah* v. *Dyer,* reported in 40 Am. Eng. Ann. Cas, 868, the court was there passing on a staute on the winding up of a partnership estate almost identical with ours, in which they announced the doctrine, not only that the surviving partner is not entitled to compensation in the absence of an agreement therefor or a statute providing for compensation, but hold that where the surviving partner performing this duty enjoined upon him by the law delays the winding up of the partnership business, he is chargeable with interest on the funds in his hands. We especially invite the court's attention to this case.

We respectfully submit that in view of the facts of this record that the court erred in refusing to require King or his legal representatives to pay to the estate the five hundred and seventy-five dollars represented by the R. G. Ford note and trust deed and the interest thereon; and that the court erred in allowing King credit for the five hundred and twelve dollars and ninety-four cents overpaid interest and principal to the Bank of Philadelphia; and in view of the authorities above cited, we most earnestly insist that the court erred in allowing King any commisssion for his services in dividing up the partnership estate.

*O. A. Luckett, R. H. & J. H. Thompson* and *Fulton Thompson,* for appellee.

The question of commissions allowed the executors of the estate of the surviving partner. The surviving partner, King, was, by the representatives of Byrd's estate, required to make reports to the chancery court and did so, and after his death his executors were required to defend exceptions to the accounts. None of these exceptions was made to the allowance of com-

missions to the executors of King, the surviving partner, until the decree was made allowing them although their allowance is now made the basis of an assignment of error as if proper exception were made.

This assignment of error by Mrs. Byrd, appellant, if we are not mistaken, presents, if it be property made, a question never heretofore presented to this court and never decided by it.

There is probably a numerical majority of authorities announcing that a surviving partner, no statute being applicable to the question, is not entitled to commissions for winding up the partnership affairs, but there is a respectable minority of judicial decisions to the contrary; and we submit to the court that these decisions, although less in number than those holding to the contrary are the better founded in reason. There are many exceptions to the conclusion reached in the numerical majority of decisions, every one of them being a protest to the logical, perhaps, but unjust and erroneous, conclusion announced in the run of cases.

While we do not think  the majority decisions to which we have referred controlling in this case, because of our statutes and because the commissions allowed by the chancellor were granted the executors of the deceased surviving partner, we crave the pardon of the court for making some observations on the rule, denying commissions to surviving partners for winding up the business of the partnership.

The basis of all such decisions is a mere fiction; certainly this is true of the older ones and the latter ones have merely followed the older without investigating or apparently thinking of the false foundation on which they are based. These decisions solemnly assume that when partnerships are formed, the partners all enter into the partnership relation with the conception of death actively and actually in mind, and that each impliedly agrees to wind up the partnership affairs upon the

death of the others without compensation for his ser- vices in so doing. The fiction of the casual loss of property by the plaintiff and the causal finding of it by the defendant, as pleaded in the common-law dec- larations in trover, is no futher from the actual truth than is the purely imaginative conception that when partnerships are formed each partner impliedly con- tracts to render services, upon the death of the other, without compensation for so doing. The truth is, where no provision of the partnership articles relate to the termination of the partnership by the death of one of the partners, not one contracting party in this country in ten thousand contemplates dying before the conpletion of the business for which the partnership is formed. As said by the court in *Royster* v. *Johnson,* 73 N. C. 474, 475; "the English doctrine, that executors, trustees, surviving partners, etc., are not entitled to commissions or compensation for their services, is not suited to this county," and "surviving partners should be allowed reasonable compensation for their services in winding up the firm's affairs." We urge the court to carefully consider the North Carolina case just cited. It is a splendid example of a court exercising its proper func- tions, and deciding according to reason, right and justice without reference to non-controlling precedents. See the dissenting opinion of Justice Saffold, in *Colgin* v. *Cummings,* Porter (Ala.) 148, and the long list of decisions cited in the note to *Condon* v. *Callahan,* 115 Tenn. 285; S. C., 112 Am. St. Rep. 843, 844, wherein exceptions were made to the rule denying surviving partners compensation for winding up the partnership business.

Each of these cases is a protest to the assumption, contrary to the truth, that partners impliedly contract with each other to conclude the partnership business, without compensation for services, upon the death of the others. The assumed implied contract cannot be

reasonably restricted; it extends if it exists at all, to every kind of partnership and embraces an obligation to carry on the business when so to do will promote the interest of the parties concerned. The courts ought not to accept a fiction as the basis of a conclusion, without reference to justice. *McCaughan* v. *Brown*, 76 Miss. 496. When the statute is invoked by the representatives of the deceased partner, the surviving partner becomes (as the pleadings in this case treat King) an administractor, an officer of the court, subject to its orders and required to act as an administrator is required to act. He is entitled to commissions as is any other administrator, not less than one nor more than seven per cent, within the discretion of the court. A surviving partner who has been compelled to give bond, to submit himself to the jurisdiction of the court and to account to it is an administrator within the terms of the statute. A few states have statutes somewhat akin to ours but none of them we have seen is as broad or comprehensive as ours in regard to the subject under discussion.

HOLDEN, J., delivered the opinion of the court.

The partenership composed of A. M. Byrd and J. D. King was doing a general land business under the firm name of Byrd & King in Neshoba county. A. M. Byrd died in 1912, and afterwards J. D. King took out letters of administrator on the partnership estate and proceeded to administer the same for several years, when he was required by the court to file his final account, which account, when filed, was excepted to as to several items; hence this controversy and appeal here.

The item of the R. G. Ford note and trust deed for five hundred and seventy-five dollars, and the Bank of Philadelphia item of five hundred and twelve dollars and ninety-four cents were allowed as a credit on the account of King against the estate of A. M. Byrd, and the

appellant, Mrs. Mary Byrd, contends that the court erred in permitting these credits to King. The appellant also contends that the lower court erred in allowing to the adminstrator, King, five per cent. commission for handling the estate as administrator, for the reason that it was a partnership estate, and the surviving partner is entitled to no compensation for his services in handling and settling the partnership estate of the deceased partner, A. M. Byrd.

Without lengthy discussions of the questions presented, we think the lower court committed no error in allowing to the administrator, King, the five hundred and twelve dollars and ninety-four cents principal and interest paid to the Bank of Philadelphia by him as the administrator and surviving partner in settlement of the partnership debt. It makes no difference as to the manner in which King paid this partnership debt to the bank; he paid it out of his individual funds, and was properly allowed a credit therefor in his final account.

It is shown by this record that the Ford note due to the partnership of Byrd & King, for five hundred and seventy-five dollars was paid to King as administrator or as surviving partner, and the chancellor erred in refusing to allow this partnership item to the credit of the partnership estate. The administrator, King, was not entitled to retain for his individual benefit this five hundred and seventy-five dollars paid by Ford in settlement of the Ford note due the parnership of Byrd & King, because the competent evidence offered was insufficient to show sole ownership of the note in King.

The chancellor erred in allowing five per cent. commissions to the administrator, King, for his services in administering the partnership estate, for the reason that Mr. King, as surviving partner and as administrator of the partnership estate, was not, under the law, entitled to any commission for such service. The rule seems to

be well settled in the courts of all the states, except perhaps one, that no compensation is to be allowed to the surviving partner for services rendered in the administration and settlement of the partnership estate, unless such compensation is authorized by statute or partnership agreement or some other valid understanding. We have no statute in Mississippi providing for such compensation to a surviving partner, and there appears to have been no agreement of that kind between the partners or otherwise in this case, and the long-established general rule being that the surviving partner, on account of the relation due to the partnership, is obligated to render his services free in the settlement of the partnership estate at the death of the other partner, and as it does not appear that this is such a case as would warrant an exception to this general rule, we shall adopt and follow the general rule as the law of this case. 30 Cyc. 635; 20 R. C. L. p. 999; *Consaul* v. *Cummings,* 222 U. S. 262, 32 Sup. Ca. 83, 56 L. Ed. 192; *Ruggles* v. *Buckley,* 175 Fed. 57, 99 C. C. A. 73, 27 L. R. A. (N. S.) 541, 20 Ann. Cas. 1057.

It is urged by counsel for the appellee that this rule denying compensation to the surviving partner for services rendered the partnership estate is unreasonable and rests upon a sandy foundation. In other words, it is contended that this rule is without a good reason and is unjust to the surviving partner, in that it compels him to contribute his valuable time and services in the management and settlement of the partnership estate without compensation, which is a burden and imposition that the surviving partner should not be made to suffer, but that reasonable compensation should be decreed the same as allowed for similar services rendered in other cases. The argument of counsel is very persuasive, and is may be that the legislature ought to adopt the view of counsel and pass a statute to that effect; but we feel that we should decline to reject the soundness of

.the rule, so long established and· followed by the many able courts of our country. The reason for the rule was possibly stronger when / it was first announced than it is at this time, but we think the basis, of the rule is still sufficiently logical and solid.

We find no reversible error in his record upon the direct and cross appeal, except as indicated above. Therefore the decree of the lower court is affirmed on cross-appeal, and is affirmed on direct appeal as to the Bank of Philadelphia item of five hundred and twelve dollars and ninety-four cents, and reversed as to the Ford note of five hundred and seventy-five dollars, and reversed as to the five per cent. commissions allowed to the surviving partner and administrator, King.

*Reversed in part, and affirmed in part.*