## RUGGLES v. BUCKLEY.

Circuit Court of Appeals. Sixth Circuit. January 6, 1928.

No. 4851.

1. **Partnership** ⊜⟿280—Partner, liquidating partnership assets, occupied position of trustee to partnership.

Partner, charged with liquidating partnership interests with regard to trust lands and adjusting claims of investors, occupied relation of trustee to partnership on account of position as liquidating partner.

2. **Partnership** ⊜⟿313—Court was not precluded from determining effect of partnership contract with investors in partners' accounting suit by fact that investors were not parties.

In suit for partnership accounting, court was not precluded from determining scope and effect of contract of partners with investors in

lands held in trust by fact that such outside investors were not parties, since the decree bound only parties to the proceeding.

**3. Judgment ⬅➡707—Decree is binding only on parties to proceeding.**

Decree merely binds parties to the proceeding, and not owners of interests who are not joined.

**4. Partnership ⬅➡333—Liquidating partner held properly charged with partnership assets distributed to investors in trust lands in excess of requirements of investors' contracts, especially where such partner acquired large portion of investors' interests.**

Decree charging liquidating partner with amount of assets of partnership distributed to outside investors in partnership trust lands *held* proper, where contract with investors did not require payment of amounts distributed, which should have been retained as partnership profits, especially in view of evidence showing that interests of investors had been very largely acquired by liquidating partner and another, who was his employee and intimate associate; interest being carried on books in names of original investors.

**5. Judgment ⬅➡720—Former adjudication between partners, denying one partner exclusive profits from management of trust lands, held res judicata of issue of his right to profits, raised in subsequent accounting suit.**

Former decree, adjudging that "all profits" received by one partner, "and the interest and share of said trust existing on account of his management or individual investment" in trust lands, were partnership assets, *held* res judicata of question of right of such partner to profits of management in subsequent accounting suit between partners.

**6. Appeal and error ⬅➡172(3)—Partnership ⬅➡329—Whether partner was entitled to interest under former decree held matter within trial court's discretion; refusal on partnership accounting of interest on interest, under former decree including interest items, held not error, when claim not made below.**

In suit for partnership accounting, question whether partner was entitled to interest on interest under decree previously entered, which included interest items, was matter within discretion of trial court, and refusal of interest on interest was not error, especially where claim did not appear to have been made in lower court.

**7. Partnership ⬅➡304—Liquidating partner is entitled to reimbursement for reasonable or necessary expenses incurred in management of partnership property.**

On accounting between partners, partner liquidating partnership assets should be reimbursed for any reasonable or necessary expenses incurred in management of partnership property.

**8. Partnership ⬅➡304—Attorney's fees of liquidating partner, incurred in attempts to support improper charges against other partner, held not chargeable to partnership.**

Expenses for attorney's fees, incurred by liquidating partner in improper effort to charge other partner with amounts of disbursements and individual profits for management of business, *held* not properly chargeable to partnership in suit for accounting.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit between Charles F. Ruggles and Edward Buckley for a partnership accounting. From an adverse decree, Charles F. Ruggles appeals. Affirmed.

Chas. McPherson, of Grand Rapids, Mich. (Norris, McPherson, Harrington & Waer, of Grand Rapids, Mich., on the brief), for appellant.

Philip H. Travis, of Grand Rapids, Mich. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for appellee.

Before MACK and MOORMAN, Circuit Judges, and MOINET, District Judge.

MOORMAN, Circuit Judge. It was decided in Ruggles v. Buckley (C. C. A.) 158 F. 950, that the parties to this suit were partners in the trust lands, and that such gains and losses as had occurred or would thereafter occur in Ruggles' handling and disposition of the lands should be divided between them. Other phases of the case were considered in (C. C. A.) 175 F. 57 (C. C. A.) 177 F. 395, and (C. C. A.) 192 F. 907. The issues here relate to an accounting for the trust lands.

The decree appealed from charged Ruggles, on behalf of the partnership, with $176,507.32, less $43,725.62, with interest at 5 per cent. from December 30, 1922, to the date of the decree, which amount he claims to have distributed to outside investors in group 1 of the trust lands. The distribution was made, as he contends, under the requirements of a clause in the contract with the outside investors known as the 10 per cent. guaranty clause.[1] It appears from the evidence,

[1] "The proceeds of said business shall be divided between said Ruggles and those persons who have invested capital therein proportionately from time to time until each shall receive his principal invested and the interest thereon at the rate of 7 per cent. per annum for the time that same was therein invested, and the surplus proceeds, if any, shall be treated as profits and the same shall be divided, so that said A. Markham shall receive to the extent of one-half of such proportion as his twelve hundred dollars ($1,200.00), or any part thereof, from time to time invested and for the time it was invested bears to the whole investment from time to time invested and the time it was invested which

and was found by the court below, that prior to the entry of the final decree Ruggles acquired the interests of some of the outside investors, thereafter acquired the interests of others, and that Rademacher, an employee and intimate associate of Ruggles, purchased and now claims the interests of all other outside investors, except possibly two or three. It is to be noted, however, that Ruggles has continued to carry these interests on his books in the names of the original investors.

[1-4] In view of the relationship between Ruggles and Rademacher, and their manner of dealing with these matters, it might be inferred that these interests were acquired by Ruggles through Rademacher. Whether that be true or not, Ruggles was a liquidating partner, standing in the relation of a trustee to the partnership, and, without informing Buckley, he either acquired or permitted his employee and intimate associate to acquire those interests, applying to them large profits which, if they should have been credited to the partnership investment, were chargeable against him as liquidating partner. The lower court construed the contract with the outside investors as not guaranteeing 10 per cent. compound interest on their investments, holding that the amount in question was profits accruing to the partnership. In our opinion the ruling was right. That neither Rademacher nor the small outside investors, whose interests had not been acquired by Ruggles or Rademacher, were parties to the suit, did not preclude the court from determining the scope and effect of the contract in an accounting between Ruggles and Buckley. The decree merely binds the parties to the

method of dividing the said profits is exemplified as follows:

"Supposing the net profit after deducting the principal invested and the interest thereon to be sixteen dollars ($16.00), that the total investment was sixteen dollars ($16.00) and to have been invested two years, that Markham had invested eight dollars ($8.00) for one year. Now Markham should receive such a proportion of the sixteen dollars ($16.00) as one-half (½) multiplied by eight (8) multiplied by one (1) bears to sixteen (16) multiplied by two (2), or four thirty-seconds (4/32) of sixteen dollars, which equals two dollars. By which method of dividing the net profits earned said Markham received one-half (½) of the profits earned by his capital for the time it was invested, and said Ruggles, in consideration of his business skill, time, and services in directing what shall be done, receives all the net profits earned by his capital for the time it was invested, together with one-half (½) of the net profits earned by the capital of said Markham and others for the time the same was invested. Losses, if any, shall be borne in same proportion as profits are to be divided."

proceeding, not owners of interests who were not parties; and, aside from the conceivable inference that the outside interests were acquired by Ruggles through Rademacher, it is adequately supported upon the basis of wrongful conversion or disbursement of partnership profits.

[5] Under the contract with the outside investors, Ruggles was to receive, for managing the trust affairs, after paying a certain stipulated profit to the investors, one-half of the net profits earned by the capital invested. These profits are referred to as management profits, and in his accounts Ruggles credited himself on this account with $164,186.22, as profits earned after the dissolution of the partnership and belonging to him individually. The court below allocated them to the partnership. In a former decree of the court it was adjudged that "all profits" theretofore or thereafter received by Ruggles "and the interests and share of said trust existing on account of his management or individual investment in said Minnesota land business [the lands involved here] should be regarded as and are decreed to be assets of the partnership of Ruggles and Buckley." Ruggles appealed from this decree, asking a reversal upon the ground that it would deprive him of compensation for his services as well as for advances that he might be obliged to make in managing his trust until it was fully performed. The decree was affirmed by this court. The question that Ruggles is now making as to these profits was settled by that decree.

Ruggles was also charged, in behalf of the partnership, with $152,376.00 and $24,795.51, with 5 per cent. interest, which he had retained from the proceeds of trust lands as profits accruing to him on funds advanced for carrying the lands after the final decree. He sought to treat these advancements as investments entitled to share proportionately in profits later realized. He claimed that Buckley had refused to advance his share of these charges. Buckley claimed that Ruggles had in his hands more than sufficient funds of Buckley's to pay his share. It may be assumed, as the court below pointed out, that Ruggles had the right to refuse to advance more than his share of the funds required. He did, however, advance these charges—whether having sufficient of Buckley's funds in hand to pay his share is not important—and in the settlement was credited with what he had advanced, with the interest thereon. Here again he was acting for the partnership and must have known that under

the decrees of the court he was not entitled individually either to "management or individual investment" profits in the trust lands. [6] By the decree of 1906 it was determined that Buckley was indebted to Ruggles in the sum of $44,103.73. In later proceedings to distribute the funds Ruggles claimed interest upon this sum from December 12, 1903, to the date of distribution. On April 26, 1909, an order was entered directing the receiver to pay Ruggles that amount out of funds that would otherwise be payable to Buckley, without prejudice to Ruggles' right to claim interest thereon on the final distribution. In the decree under consideration the court allowed interest on that sum from December 12, 1903, until May 1, 1909. Ruggles contends that the interest was due in 1909, and that he should have been allowed interest on the interest then due until the date of this decree, September 7, 1926. The claim does not appear to have been made in the lower court. Ruggles was allowed interest on the principal sum from December 12, 1903, to May 1, 1909. There is some doubt as to whether it should have been allowed from December 12, 1903, or only from May 15, 1906; but, whatever ought to have been done as to that, the allowance of interest upon interest was a matter within the discretion of the court, and we cannot say that the action complained of was unjust.

[7, 8] A claim of $15,673.00 was made by Ruggles for the services of his employees in connection with the trust lands in the years preceding the decree, and for services of attorneys in preparing the accounts and pleadings in the matters in issue. The lower court quite properly held that he should be reimbursed for any reasonable or necessary expenses incurred in the management of the trust lands, and gave him an opportunity to present evidence of any such expenses incurred. The expenses which he claimed to have incurred on this account, to which he added ten per cent. as an overhead charge, were not sufficiently supported by evidence, as the lower court thought and as we agree, to justify its allowance. The expenses for attorney's fees not only lacked sufficient evidentiary support, but were largely, if not wholly, incurred in an effort to charge Buckley with amounts which under the settled decrees of the court were improper. In those circumstances this item should also have been disallowed.

Other minor objections made to the decree are settled by the rulings in this and other opinions.

The decree is affirmed.