## JOHN DUNLAP *vs.* EDWARD F. WATSON.

Middlesex. Jan. 21. — March 25, 1878. ENDICOTT & LORD, JJ., absent.

If by the terms of a partnership agreement, each partner is to devote his whole time and labor to the business of the firm, pay his own personal expenses, and receive an equal share of the profits, a partner, who, previously to the formation of the partnership, has entered into contracts and performed services in regard to them, which contracts became the property of the firm on its formation, is not entitled to compensation for such services; nor is he entitled to compensation for his services in closing up the affairs of the firm, after the purpose for which it was formed has been accomplished.

A partner, who, on the dissolution of the partnership, holds the assets and property of the firm, and is entrusted with the duty of winding up the affairs of the partnership, is chargeable with interest, as between himself and his copartner, if he mingles the money of the firm with his own or neglects unreasonably to settle his account.

BILL IN EQUITY, inserted in an original writ of summons and attachment, dated November 4, 1869, for the settlement of the affairs of a partnership. Hearing upon the pleadings, a master's report and the defendant's exceptions thereto, before *Lord*, J., who reserved the case for the consideration of the full court. The material facts appear in the opinion.

*T. H. Sweetser,* ( *G. A. A. Pevey* with him,) for the plaintiff.

*J. Davis*, for the defendant.

COLT, J. The defendant excepts to the master's report, because he disallowed his claim for services rendered both before the formation of the partnership, and after its termination.

The plaintiff and defendant were carpenters. The master finds that a copartnership was formed between them in 1855, for the purpose of erecting certain buildings for a corporation, and continued until the work was finished in 1856; that by the terms of the agreement, (there being no written articles of copartnership,) each was to devote his whole time and labor to the business of the firm and pay his own personal expenses, and the profits were to be divided equally. At the time the partnership was formed, the defendant had already made contracts for some of the buildings afterwards completed by the firm, and had performed some services in regard to them; and, after the partnership was ended, he took possession of the property and assets and rendered other service in winding up the business. The

master reports that there was no evidence of any agreement that the defendant should receive compensation for services, rendered either before the formation, or after the termination, of the copartnership. The plaintiff was permitted to participate equally in the profits of the several contracts, and each party was bound to contribute his personal service and skill in promoting the interests of the firm and in closing its business. It is not enough, that the master finds that the defendant rendered valuable service before the partnership existed, of which the firm, when formed, took advantage. It may be that the defendant's previous service was an inducement which operated on the plaintiff to become a partner, and we cannot see that the master erred in not allowing compensation for it. It is clear that the service rendered in closing up the business was only that which was due from the defendant under the partnership agreement. In a qualified and limited sense, the partnership is said to continue between the parties until its affairs are fully closed up, and the obligation of each to contribute his services without compensation continues, unless changed by a new agreement. *Washburn* v. *Goodman*, 17 Pick. 519. *Schenkl* v. *Dana*, 118 Mass. 236. Story on Part. (6th ed.) §§ 325, 331, and notes.

The defendant also objects to the master's report because he has charged him with interest on certain dividends received on shares of stock belonging to the firm and on rents of certain real estate of the firm the legal title to which was in the defendant, which rents were, or, as it is agreed, ought to have been, received by him.

After the termination of the business of the firm, the assets were in the hands of the defendant, who it is admitted was the active member, kept the books, received and paid out the money of the firm. It appears that he received rents and dividends and also certificates of new stock in the corporation as a dividend of profits on the stock belonging to the firm and standing in his name. The master reports that "there was no evidence to show whether the funds of the firm in his hands were invested or not, or whether they were used for the personal benefit of the defendant or how otherwise." It appeared that the plaintiff demanded a settlement in 1857, and continued to make ineffectual efforts in that direction, until this bill was filed in 1869,

The master finds that during all this time the plaintiff claimed a larger amount than was shown on the books kept by the defendant, and the defendant only admitted a sum much less than he now admits by his answer, and less than the master finds due from him; and moreover that he claimed to account for only the original shares, without including the accumulated shares of the stock belonging to the firm.

The property and assets of the firm were held by the defendant as trust property. After paying the debts, it was his duty to account for and pay over to the plaintiff his share. If he used the property for his own benefit, he is chargeable for all profits. If he has mingled the money of the firm with his own, or neglected unreasonably to settle his accounts, he is properly chargeable with interest.

The master, from all the facts in the case, would be justified in coming to the conclusion, that the defendant had mingled these funds with his own property and used them in his private business, without the consent or approval of the plaintiff. For this wrongful detention he might properly charge the defendant with interest from the time when the money was received and misappropriated. In this aspect of the case we can see no error in the conclusion to which he comes, or in the rule adopted by him in allowing interest. *Boynton* v. *Dyer,* 18 Pick. 1, 6. *Washburn* v. *Goodman,* above cited. *Wood* v. *Robbins,* 11 Mass. 504. *Decree for the plaintiff accordingly.*