## LOTTA CRABTREE *vs.* BENJAMIN F. RANDALL.

Bristol.    Oct. 17. — Nov. 29, 1882.    LORD, C. ALLEN & COLBURN, JJ.,
indent                                    absent.

A partner, who has had the management of the business of the firm, and has never made a settlement with or rendered a final account to his copartner, and whose duty it is to wind up the affairs of the partnership on its dissolution, is chargeable with interest, as between himself and his copartner, on moneys drawn from the firm over and above what he was entitled to draw, on the amount of a debt incurred by a third person for which he was liable, and on his share of the net general loss upon the business, from a reasonable time after the firm is dissolved, or from such time as he has had the benefit of the sums withheld by him.

BILL IN EQUITY to settle the affairs of a partnership.   The case was referred to a master, who found for the plaintiff, and the defendant alleged an exception, which was overruled at the hearing before a single justice; and the defendant appealed to the full court.   The facts appear in the opinion.

*J. M. Morton & A. J. Jennings*, for the plaintiff.

*N. B. Bryant*, for the defendant, cited *Hunt* v. *Nevers*, 15 Pick. 500; *Goff* v. *Rehoboth*, 2 Cush. 475; *Palmer* v. *Stockwell*, 9 Gray, 237; *Harrison* v. *Conlan*, 10 Allen, 85; *Stimpson* v. *Green*, 13 Allen, 326; *Ordway* v. *Colcord*, 14 Allen, 59.

DEVENS, J.   The only exception reserved is that to the alleged error of the master in allowing interest upon the sum found due by the defendant from June 29, 1877, the defendant contending that this should have been allowed only from the filing of the bill on January 15, 1879.

The amount found due from the defendant is composed of three sums: the first consisting of moneys drawn from the firm over and above what he was entitled to draw; the second, the sum for which he was liable to the plaintiff upon the debt incurred by Randall and Leavitt; and third, his share of the net general loss upon the business.

That which the plaintiff was entitled to receive was, first, the amount paid in by her over and above what she had withdrawn; and second, the amount which she was entitled to receive as her share of the debt incurred by Randall and Leavitt, which it was the duty of the defendant to pay. From these sums was to be deducted her share of the net general loss upon the business.

Notice to dissolve the firm, which might be given by either party to terminate in three months, was given by the plaintiff on January 1, 1877. It was therefore dissolved on April 1, 1877. All the sums which it was the duty of the defendant to pay in were to be received by the plaintiff, and the time fixed by the master for the commencement of interest, as against the defendant, is the date of the last payment made to the plaintiff. No settlement was ever made or final account rendered by the defendant, who managed the business of the firm, and whose duty it was to wind up its affairs. He denies in his answer that anything is due from himself. While reasonable time is allowed to a surviving or remaining partner to wind up the affairs of a firm and to collect and pay its debts, he is liable, after such reasonable time has expired, to pay interest upon the funds he holds or the amounts due from him. *Washburn* v. *Goodman*, 17 Pick. 519.

When a partner receives partnership funds, mingles them with his own, and, being charged with the duty of winding up the affairs of the partnership, uses them for his personal purposes, he is properly chargeable with interest from the time they were thus appropriated. *Dunlap* v. *Watson*, 124 Mass. 305. The cases cited by the defendant, to the effect that interest is not ordinarily to be allowed on an unliquidated debt except from the time of action brought, do not apply to the case of a partner winding up the affairs of a firm. Its property and assets in his hands are in the nature of trust property. The sum overdrawn by the defendant, the debt incurred by Randall and Leavitt for

which he was chargeable, his proportion of the net loss so long as it remained unpaid, were in the nature of funds of the firm of which he had the benefit. As, if he mingles the funds of the firm with his own, he may be obliged to pay interest thereon, it is equally reasonable that he should do so when they consist of debts and liabilities due from him.

While the report of the master on the matter of interest is somewhat meagre, it is for the defendant to show that there is error therein. Upon the case as presented to us, it is not possible to say that the master was not justified in holding that the defendant should pay interest from June 29, 1877, upon the sums found due from him, either upon the ground of an unreasonable delay in settling the affairs of the partnership, or because he has had the full benefit, since that time, of the sums withheld by him.                    *Decree affirmed.*