FREDERICK S. ANTOINE *vs.* JAMES E. NELSON COMPANY.

Suffolk. October 17, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Receivership proceedings. *Receiver.*

A receiver of a Massachusetts corporation was appointed by the Superior Court in a suit in equity against the corporation commenced in July, 1924, under G. L. c. 156, § 51. In December, 1926, the receiver filed a report and petition for instructions, alleging that the United States District Court in April, 1923, had appointed a receiver of the corporation in bankruptcy proceedings; that the Federal receiver thereafter had conducted the business of the corporation; that an offer of composition was made by the bankrupt which was confirmed January 2, 1924; that the Federal receiver continued in possession of the bankrupt's property and business until April, 1924; that the United States District Court had ordered the Federal receiver to pay the claims of certain persons who had sold him merchandise while he was conducting the bankrupt's business previous to January 2, 1924, but that such claims had not been paid; and that those creditors, and also persons who had sold the Federal receiver merchandise between

January 2 and April, 1924, claimed a lien on and priority of payment from the property of the defendant in the possession of the petitioner. An interlocutory decree was entered upon such petition ordering the petitioner to pay in full the claims of certain of said merchandise creditors. Upon objection to such decree by an unsecured creditor, the suit was reported, but no evidence was reported, nor did the record show that any of the creditors ordered to be paid had sold merchandise to the receiver after January 2, 1924, nor that such creditors were not those who were ordered to be paid by the United States District Court. *Held,* that

(1) Expenses incurred by a receiver in continuing a business may be considered in equity expenses of preservation which must be paid in priority to general creditors;

(2) The Superior Court had power to grant priority to those creditors who furnished supplies to the Federal receiver for the continuation of the corporation's business;

(3) It must be assumed on the record before this court that the claims of the creditors given priority by the decree accrued before January 2, 1924;

(4) The decree was proper and must be affirmed.

BILL IN EQUITY, filed in the Superior Court on July 8, 1924, by a judgment creditor of the defendant, a Massachusetts corporation, praying that a receiver of the defendant be appointed under G. L. c. 156, § 51.

A receiver thereafter was appointed in accordance with such prayer on July 25, 1924. On December 17, 1926, the receiver filed a report and petition for instructions, material allegations of which, and an interlocutory decree entered thereon by order of *Morton,* J., after a hearing, are described in the opinion. It also appeared from the report and petition that the bankruptcy proceedings mentioned therein were commenced by an involuntary petition filed in the United States District Court on March 1, 1923, and that Butler was appointed receiver by that court on April 20, 1923.

The E. T. Ryan Iron Works, Inc., an unsecured creditor, appealed from the interlocutory decree. This court ordered such appeal discharged and the case remanded to the Superior Court "for the purpose of there applying for such correction or extension of the record as the appellant may be advised." The suit thereupon was reported by the judge under G. L. c. 214, § 30, for determination by this court, upon the pleadings, the receiver's report and petition for instructions, certain stipulations by counsel, and the inter-

locutory decree; "such decree or order to be entered as law and justice may require."

*J. B. Jacobs*, for the receiver.

*H. Loewenberg, G. L. Harden, & T. H. Greene*, for E. T. Ryan Iron Works, Inc., submitted a brief.

CARROLL, J. This case is before us on a report. By a decree of the Superior Court in receivership proceedings the receiver of the James E. Nelson Company, a Massachusetts corporation (hereinafter called the company), was directed to pay its creditors as set forth in schedule A a dividend of one hundred per cent, these creditors being entitled to priority. The E. T. Ryan Iron Works Inc., an unsecured creditor, objected to the decree.

The receiver in his petition for instructions alleged that an involuntary petition in bankruptcy was filed against the company and one Butler was appointed receiver; that he conducted the contracting business of the bankrupt and bought certain merchandise; that the bankrupt filed an offer of composition which, on January 2, 1924, was duly confirmed; that the receiver instead of "relinquishing possession of the assets of the . . . Company . . . remained in possession" until April 2, 1924; that certain creditors claiming priority sold and delivered merchandise either to the company or to Butler between January 2, 1924, and April 2, 1924, when Butler "was running the business"; that certain creditors who had sold merchandise to Butler previous to January 2, 1924, filed petitions in the United States District Court asking that Butler be ordered to pay their claims, "and orders to that effect were made, but said orders have never been paid"; that said creditors "who have received orders for payment . . . and all other creditors who sold . . . merchandise to Butler" as receiver "claim priority of payment out of this estate, claiming a lien."

In the bill in equity praying that a receiver be appointed, it appeared that Frederick S. Antoine obtained judgment against the company; that execution issued and was returned unsatisfied, and for thirty days after demand the company neglected to pay the amount due on the execution.

John C. Pirie was appointed receiver by a decree dated July 25, 1924.

The judge states in his report: "after hearing the parties, I entered an interlocutory decree on the 21st day of February, 1927, authorizing the payment in full of the claims of certain creditors set forth in said decree." No evidence is reported and there is nothing, in the schedule of creditors given priority, showing when the merchandise was furnished, and there is nothing to show that these creditors were not the creditors who filed petitions in the United States District Court, whose claims the receiver was ordered to pay, which "orders have never been paid."

The receiver's petition for instructions, upon which the decree in question was entered, states that on motion of the receiver the account filed by Butler was surcharged in the amount of $8,552.22; that on November 6, 1925, the receiver brought an action against Butler's surety; that the surety "is willing to settle your petitioner's action" and to pay $3,500, "but desires, before said payment is made, to receive some protection against any suits by creditors of the class set forth" in the schedule; that the petitioner is willing to settle the litigation with the surety for the sum of $3,500; that the surety and the creditors named in the schedule suggest that the surety pay to the receiver this sum of $3,500, and that the receiver "allow priority to the creditors" of this class.

The record does not show what evidence was introduced at the hearing before the judge and we have no way of knowing, from the record before us, that any of the creditors named in the schedule sold any merchandise to the receiver after the offer of composition was confirmed. It is asserted in the brief of the receiver that at the hearing on the petition for instructions the creditors "were claiming a lien on the property" in his possession; that if it became necessary "to try out the question of the various claimants and the claims" against the surety "there would be a great amount of litigation"; that it was agreed by "all persons, with the exception of the appellant," that it was for the best interests of all

that a compromise and settlement be made at once; that the decree allowed no priority to any creditor "whose claim against the receiver accrued subsequently to January 2, 1924." It is also stated in the receiver's brief that "All parties further agreed that the unsecured creditors would obtain more by the settlement than by protracted litigation."

On the record in this case there was no error in giving a preference to the thirty-eight creditors named in the schedule annexed. While the assets of the company were in the hands of Butler, who was appointed receiver by the United States District Court, he carried on the business of the bankrupt company, and in so doing was supplied with materials by certain creditors. By order of the United States District Court he was directed to pay these creditors. As they furnished supplies for the continuation of the company's business they were entitled to priority, and the decree directing that the receiver appointed by the Superior Court give priority to these creditors was right. Expenses incurred by a receiver in continuing a business that cannot be discontinued without loss may, in equity, be considered expenses of preservation which should be paid in priority to general creditors. See *Palmer* v. *Texas*, 212 U. S. 118; *City Bank of Wheeling* v. *Bryan*, 76 W. Va. 481; *Farmers' Loan & Trust Co.* v. *Bankers & Merchants' Telegraph Co.* 148 N. Y. 315. There is nothing in *Jones* v. *Arena Publishing Co.* 171 Mass. 22, and *Old Colony Trust Co.* v. *Medfield & Medway Street Railway*, 215 Mass. 156, inconsistent with this. In *Commonwealth* v. *Commissioner of Banks*, 240 Mass. 244, the court was dealing with an insolvent trust company. G. L. c. 167, § 22. There is nothing in G. L. c. 155, §§ 52, 53, nor in G. L. c. 156, § 51, which deprived the court of its power to order the distribution of the assets of the company according to equitable principles.

It is alleged that the creditors, whose claims the United States District Court ordered Butler to pay, claim "a lien on the assets that revested to the bankrupt." If there were liens on the property when the receiver Pirie came into possession, he held the property subject to these existing liens. *Kittredge* v. *Osgood*, 161 Mass. 384.

The fact that the claims given priority arose while the receiver appointed by the United States District Court was in control did not deprive the Superior Court of the power to order these claims to be.paid in preference to the general creditors. We must assume that these claims accrued before January 2, 1924.

*Decree affirmed.*