HAROLD E. COLE *vs.* JESSE A. HOLTON & another.

Suffolk.    July 1, 1930. — October 2, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Partnership*, Accounting, Construction of partnership contract, Termination. *Contract*, Partnership. *Waiver*. *Interest*. *Champerty*.

In a suit in equity between two attorneys at law, formerly partners, for an accounting after dissolution, it appeared that the partnership had been formed by an agreement in writing dated April 7, 1926, under which the plaintiff paid to the defendant $3,000 "for a one third interest in the business which has been and now is conducted under" his individual name; and it was provided that the partnership was "to continue indefinitely" and might be terminated by either partner on thirty days' notice; that, if "terminated"

by the defendant or by "mutual consent" before April 7, 1929, the defendant would return $3,000 to the plaintiff; and that the plaintiff was to receive one third and the defendant two thirds of the profits of the firm. In January, 1928, a new partnership agreement was signed between the plaintiff, the defendant and a third attorney at law, to which the defendant contributed certain books and furniture and a two-thirds interest in other books and furniture and the plaintiff a one-third interest therein, and some cash. It was contemplated that thereafter no further business was to be done by the old partnership but all was to be carried on by the new. When the new partnership was formed, no mention was made concerning a settlement with the plaintiff as to the $3,000 he had paid the defendant, and the question of the settlement of the affairs of the old partnership was not considered. In February, 1929, the defendant dissolved the new partnership. The plaintiff had not theretofore made any request for an accounting as to the $3,000 or as to his share of the business under the first partnership agreement but did so formally on March 6, 1929, and within a month filed the bill in equity. *Held,* that

(1) Under the provisions of the first agreement, that partnership, by reason of the terms of the agreement forming the new partnership, was "terminated" by "mutual consent" before April 7, 1929, and therefore the defendant should return the $3,000 to the plaintiff;

(2) There was no express waiver by the plaintiff of his rights under the first agreement; and the mere fact that, when the new partnership was formed, nothing was said about the plaintiff's rights under the first agreement was not enough to show such waiver.

A master who heard the suit above described found, beside the facts above stated, that when the new partnership agreement was made, the question of the settlement of the affairs of the former partnership was not considered and it was not intended that the accounts receivable should pass to the new firm; that a number of such accounts could not be collected; that it did not appear that any one of them was collectible; that the former firm performed services for the defendant in a will contest, but that the defendant's liability was contingent on the outcome of the litigation which still was pending; and that the former partnership also rendered services to the defendant as a trustee in the sum of $250. The final decree ordered the payment by the defendant to the plaintiff of only $3,000. On appeal by the plaintiff, it was *held,* that

(1) The plaintiff had the right to share, after the payment of debts, in the profits of the former partnership;

(2) On the record, it could not be determined what was the value of the accounts receivable of the former partnership other than the amount owed by the defendant, and in the circumstances it would not be proper to recommit the suit to the master to determine the plaintiff's share in those assets; but the final decree should have been without prejudice to the plaintiff's right to share in such accounts if they were collected;

(3) While sufficient facts were not shown to warrant a conclusion that the agreement as to services rendered in the will contest was champertous, the asset was so contingent that it could not be treated as a present asset of the former firm; the final decree, however, should have provided that it was without prejudice to the plaintiff's right to participate in that asset when realized upon;

(4) The defendant should account to the plaintiff for one third of the $250 owed by him as trustee to the former firm;

(5) Interest was due to the plaintiff on both the $3,000 and the one third of $250 from the date of the plaintiff's demand on March 6, 1929.

At the hearing of the suit above described, it was proper to exclude evidence of the defendant's profits after his dissolution of the second partnership.

BILL IN EQUITY, filed in the Superior Court on April 5, 1929, and described in the opinion.

In the Superior Court, the suit was referred to a master. Material facts found by the master and interlocutory and final decrees entered after hearing by *D. T. O'Connell*, J., are stated in the opinion. Both parties appealed from the interlocutory decree and the plaintiff appealed from the final decree.

The case was submitted on briefs.

*H. G. Jackson*, for the plaintiff.

*J. W. Gorman & J. M. Raymond*, for the defendant.

CARROLL, J. The plaintiff in this suit in equity asks that the defendant Holton, hereinafter called the defendant, account to him for $3,000 paid to the defendant under a partnership agreement, and for moneys due under said agreement.

On April 7, 1926, the plaintiff and defendant made a contract of partnership, in writing, "for the general practice of law," "to continue indefinitely." Either partner could terminate the partnership on thirty days' notice. In accordance with the agreement the plaintiff paid the defendant $3,000. It was agreed that this amount was "to be returned" to Cole by Holton "if the partnership is terminated to wit: 1. By either partner on December 31st, 1926   2. By act of Jesse A. Holton at any time before April 7th, 1929   3. By mutual consent at any time before April 7th, 1929   4. By death of either partner before April 7th, 1929   5. By act

of Harold E. Cole at any time before December 31, 1927."
It was further agreed that if the partnership was terminated
after April 7, 1929, or by act of Cole on or after December
31, 1927, the sum of $3,000 was not to be returned to Cole.
The agreement provided for "a trial period" from April 7,
1926, to December 31 of that year, and if either party de-
sired to withdraw on December 31, 1926, "all moneys drawn
from the partnership income by said Harold E. Cole shall
be paid by him to said Jesse A. Holton less the sum of $1,533
which is to be kept out by said Harold E. Cole as compensa-
tion for his services during this trial period."

On January 31, 1928, a new partnership agreement was
signed by the plaintiff, the defendant and Alexander W.
Murray for the practice of law. On March 1, 1928, the three
partners began to conduct their affairs under the name of
Holton, Murray and Cole. To the new partnership Holton
contributed furniture, fixtures and books valued at $1,000,
and a two-thirds interest in furniture, books and stationery
valued at $100. Murray contributed $825 in cash, and Cole
paid $775 in cash and his one-third interest in the furniture,
books and stationery valued at $50. A schedule of the per-
sonal property belonging to the firm of Holton and Cole is
annexed to the partnership agreement of the new firm, show-
ing in detail the property transferred to the firm of Holton,
Murray and Cole. Holton was to receive forty per cent of
the profits, Murray and Cole were each to receive thirty per
cent. Under the agreement for the first partnership of Cole
and Holton, Cole was to receive one third and Holton two
thirds of the profits.

The master found that "All net cash income of the part-
nership [of Cole and Holton] has been distributed in accord-
ance with the agreement"; that, when the new partnership
was formed, no mention was made concerning a settlement
with Cole "for the share of Mr. Holton's business purchased
by Mr. Cole or for the $3,000 paid for the same"; that it was
contemplated that after March 1, 1928, no business was to
be conducted by the old partnership and all business was
thereafter to be carried on by the new partnership "includ-
ing unfinished business of the old partnership"; that on

February 28, 1929, the partnership of Holton, Murray and Cole was dissolved by Holton; that prior to this dissolution the plaintiff made no request "for his share of Mr. Holton's business or for the $3,000 mentioned in the first agreement"; that when the new partnership was formed the question of the settlement of the affairs of the old partnership was not considered; that this question was raised at a meeting on March 1, 1929, when the settlement of the affairs of Holton, Murray and Cole was considered; that on March 6, 1929, Cole demanded of the defendant the sum of $3,000 and a "one-third interest in the profits and good will of all defendant Holton's law business making both claims under the agreement dated April 7, 1926."

The master further found that there were accounts receivable of the partnership of Holton and Cole amounting to $219.25; that a number of these accounts "may be uncollectible"; that services were rendered by the old partnership to the defendant Holton, in connection with the contest of his father's will, of the value of $125; that the "liability of Mr. Holton to the partnership for these services is contingent upon the success of a will contest case which is still pending"; that the old partnership of April 7, 1926, rendered services to Holton as trustee of the value of $250, "which services have never been billed or paid."

In the Superior Court by an interlocutory decree the master's report was confirmed and the objections of the plaintiff and defendant were overruled. A final decree was entered ordering that the defendant was indebted to the plaintiff in the sum of $3,000, and that execution was to issue in said sum. The defendant and plaintiff appealed from the interlocutory, and the plaintiff from the final, decree.

As we interpret the agreement of April 7, 1926, between Holton and Cole, the $3,000 paid by Cole was not a contribution to the capital of the partnership of Holton and Cole; it·was a payment to Holton personally and not a payment to the partnership. It was agreed that this sum was to be paid to Holton "for one third interest in the

business which has been and now is conducted under the name 'Jesse A. Holton.'" Holton could not under the agreement dissolve the partnership of Holton and Cole prior to April 7, 1929, and retain the $3,000. The agreement contemplated that, if the partnership continued until this date, the $3,000 was not to be returned, but it was to be repaid to Cole if the partnership was dissolved by the act of Holton at any time before April 7, 1929, or by mutual consent before that time. The word "terminated" is used in the partnership agreement as fixing the time when the $3,000 is to be repaid, but in our opinion the parties intended that this sum was to be paid by Holton when the partnership was dissolved as provided in the contract.

It was found that a new arrangement, effective on March 1, 1928, was entered into by Holton, Murray and Cole to carry on their profession. It was understood that no further business was to be done by the old firm, that all business, including the unfinished business of Holton and Cole, was to be conducted by the new firm of Holton, Murray and Cole. The partnership of Holton and Cole was therefore dissolved as provided in the agreement of April 7, 1926, "By mutual consent . . . before April 7th, 1929," and by the terms of that agreement Holton was to return to Cole $3,000. The agreement of January 31, 1928, for the formation of the new partnership put an end to the old partnership; it no longer existed except for the settlement of its affairs. But this new agreement did not in our opinion deprive Cole of his rights against Holton and the return of the $3,000 as stipulated. There was no waiver by the plaintiff, and the mere fact that nothing was said about Cole's rights under the first agreement, when the new partnership was formed, was not enough to show that Cole waived or gave up his rights against Holton under the agreement. Of course the parties could make a new agreement, rescinding the old agreement or substituting a new and different contract for the contract of April. 7, 1926. As we interpret the findings of the master and the inferences to be drawn from them, the old partnership was dis-

solved by mutual consent, and the new partnership agreement was not intended to be in full discharge of the earlier agreement, at least in so far as the plaintiff's right to the return of the $3,000 was concerned. *Rogers* v. *Rogers & Brother*, 139 Mass. 440, is not in conflict. We are therefore of opinion that the dissolution of the old firm was by mutual consent before April 7, 1929, and by this dissolution Cole was entitled to the repayment of $3,000. By the provision, 2, *supra*, of the Holton and Cole agreement, it was provided that, if the partnership was terminated before April 7, 1929, "By act of Jesse A. Holton," Cole was to receive the $3,000. Holton on February 27, 1929, gave notice of his withdrawal, but this notice concerned the new and not the old firm. The old firm had already been dissolved by mutual consent, and the agreement with Cole to return the $3,000 related only to the old firm.

The plaintiff further contends that he is entitled to an accounting for the accounts receivable and for services performed for Holton by the firm of Holton and Cole. When the new partnership agreement was made, the question of the settlement of the affairs of the former partnership was not considered. The accounts receivable were not assigned and no mention is made of them in this agreement. They are not referred to in the schedule of property belonging to the old firm, and it was not intended that these accounts should pass to the new firm. The plaintiff had the right to share, after the payment of debts, in the profits of the partnership. St. 1922, c. 486, §§ 24, 26, 43. *Eddy* v. *Fogg*, 192 Mass. 543. *Steele* v. *Estabrook*, 232 Mass. 432. The master, however, found that a number of these accounts could not be collected, and it does not appear that any one of the accounts is collectible. We therefore cannot determine the plaintiff's share in these assets. We do not think it proper that the case should be sent back for further hearing on this point, see *Griffith* v. *Kirley*, 189 Mass. 522, especially when the question is not argued by the plaintiff, and it is not asked that the case be referred to the master. But the decree should be without prejudice to the plaintiff's right to share in these accounts if they are collected.

It further appeared that the old firm performed services for Holton in a will contest, but the liability of Holton is contingent upon the outcome of litigation which is still pending. At most the value of these services is contingent. Sufficient facts are not shown to warrant the conclusion that the agreement was champertous. See *Blaisdell* v. *Ahern*, 144 Mass. 393; *Holdsworth* v. *Healey*, 249 Mass. 436. This contingent asset cannot be treated at the present time as an asset to be distributed. We think the decree should provide that it is without prejudice to the plaintiff's right to participate in this asset when realized upon. See *Chetty* v. *Vijayaraghavachariar*, [1922] 1 A. C. 488. The master found that the partnership of Holton and Cole rendered services to Holton to the value of $250. From all that appears this was an obligation of Holton to the firm. It should be treated as an asset of the firm for which Holton should account. See *Wiggins* v. *Brand*, 202 Mass. 141. There was no error by the master in excluding the evidence offered by the plaintiff of the profits of Holton since March 1, 1929.

The question of interest remains to be considered. The decree was silent on this question. It was found that on March 6, 1929, the plaintiff made a demand on Holton. The sum of $3,000 was a liquidated amount; interest is due on this sum from the date of the demand. See *Childs* v. *Krey*, 199 Mass. 352, 358; *Cochrane* v. *Forbes*, 267 Mass. 417. It did not appear that the defendant had undertaken to wind up the affairs of the partnership. But Holton, when the demand was made upon him, owed the firm the sum of $250. It was not similar to a debt due from a stranger to the firm where a reasonable time is allowed after demand to wind up the partnership affairs and where interest does not run in favor of one partner until a reasonable time has elapsed after demand. *Washburn* v. *Goodman*, 17 Pick. 519. *Crabtree* v. *Randall*, 133 Mass. 552. *Moore* v. *Rawson*, 185 Mass. 264. The sum in question was due from Holton for services rendered to him as trustee. He had the use of this money and stood in the position of a partner who in winding up the partnership affairs collected the debts due the firm and retained the money. See *Dunlap*

*v. Watson,* 124 Mass. 305; *Crabtree* v. *Randall, supra.* Interest should be allowed on the plaintiff's share of this amount from the date of the demand.

The final decree should be modified by ordering that Holton is indebted to the plaintiff in the sum of $3,083.33 with interest from March 6, 1929, execution to issue for this amount. It should also be modified by directing that the decree is to be without prejudice to the plaintiff to recover his share of the $125 when realized upon and the contingency is removed, and also without prejudice to participate in his share of the accounts receivable if any of them are collected. As so modified the interlocutory decree and the final decree are affirmed with costs.

*Ordered accordingly.*