HAROLD E. COLE *vs.* JESSE A. HOLTON & another.

Suffolk. January 16, 1931. — January 19, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal, Decree after rescript, New trial.

No error of law appeared in a denial, in a suit in equity, of a motion by the defendant, grounded upon an alleged error of law made by him in presenting his case at the hearing of the suit, for a new trial after rescript from this court affirming a decree for the plaintiff, even if it be assumed in the defendant's favor that it would have been within the discretionary power of the Superior Court to grant his request.

It is a general principle that there can be no appeal in a suit in equity from a final decree entered in accordance with a rescript from this court.

BILL IN EQUITY, filed in the Superior Court on April 5, 1929.

The suit previously was before this court on appeal by the defendant Holton when, in a decision reported in 272 Mass. 565, a decree for the plaintiff was affirmed.

A motion by that defendant for a new trial after rescript was denied. The defendant appealed.

*J. W. Gorman,* for the defendant.

*H. E. Cole,* pro se.

RUGG, C.J. This case comes before us for the second time on appeal from final decree after rescript. The case is reported in 272 Mass. 565. As a result of the exhaustive opinion there rendered the final decree with some modifications was affirmed with costs. After the rescript from this court the defendant Holton filed a motion for a new trial on the ground, in substance, that he had made a mistake of law in presenting his case and that justice required that there be further hearing. This motion was denied after hearing, and a final decree after rescript was entered. If it be assumed in favor of the defendant Holton that it would have been within the discretionary power of the Superior Court to grant his re-

quest, see *Day* v. *Mills*, 213 Mass. 585, it is plain that there was no error of law in the denial. It is the general principle that there can be no appeal from a final decree entered in accordance with a rescript from this court. *Boston, petitioner,* 223 Mass. 36, and cases there collected.

*Decree affirmed with double costs.*