---

(128 App. Div. 796.)

### In re MANOCA TEMPLE ASS'N.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. CORPORATIONS (§ 282*)—DIRECTORS—ESTOPPEL TO DENY ELIGIBILITY.

Where the fact that persons elected as directors were not stockholders was apparently known to all the stockholders at the time of election, their eligibility cannot be questioned by the stockholders for the purpose of defeating a petition filed by the directors for dissolution of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1191; Dec. Dig. § 282.*]

2. CORPORATIONS (§ 289*)—DIRECTORS—REDUCTION IN NUMBER.

The office of de facto directors of a corporation organized to acquire a place of sitting for a fraternal lodge will not be held vacated by proceedings to reduce the number of directors, where the effect would be to leave a majority of the board disqualified, under the articles of incorporation, as not being members of the lodge.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245; Dec. Dig. § 289.*]

3. CORPORATIONS (§ 291*)—DIRECTORS—REDUCTION IN NUMBER.

Under the statute authorizing the reduction of the number of directors, but making no provision as to how that reduction is to be actually effected after the reduction has been voted, it is impossible to say that certain of the directors have been ipso facto deprived of office, while others remain as directors, and, unless the number can be reduced by the voluntary act of the directors themselves, the proceeding can only become effective by the expiration of the terms of office of a sufficient number of directors.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 291.*]

4. CORPORATIONS (§ 621*)—DISSOLUTION—TEMPORARY RECEIVER—NOTICE.

On petition for the voluntary dissolution of a corporation, a temporary receiver should not have been appointed without a hearing of those parties, at least, who represented the larger interests, both of the stockholders and of the creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2461–2471; Dec. Dig. § 621.*]

Chester, J., dissenting.

Appeal from Trial Term, Tioga County.

Petition by Charles O. Hoagland and others for the voluntary dissolution of the Manoca Temple Association. Upon this petition, which was upon notice to the Attorney General, an order was made pursuant to Code Civ. Proc. § 2423, appointing a temporary receiver, and requiring all persons interested to show cause why the corporation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should not be dissolved, and, from an order vacating such order, Hoagland and others appeal.  Order reversed, and original order modified.

In the year 1905 there existed, and still exists, a fraternal organization known as the "Manoca Lodge No. 219, I. O. O. F.," having its headquarters at Waverly, N. Y.  Among the members of said lodge was formed this corporation the Manoca Temple Association.  The object of the incorporation was to procure means of acquiring and maintaining a place for the sitting of the lodge.  In the certificate of incorporation it was provided:· "The majority of the directors of this corporation shall be members of Manoca Lodge No. 219 I. O. O. F. of Waverly, N. Y., so long as Manoca Lodge shall be in active existence."  After the organization of the corporation was completed, they purchased a building in which a lodge room was fitted up and used until January 1, 1908, for the meeting place of the lodge.  Seven hundred and sixty shares of the capital stock of this corporation are now outstanding.  Of that number the lodge itself owns 230 shares.  One Winters, one of the respondents here, owns 471 shares, and the remainder, about 60 shares, was owned mostly by other parties to this proceeding.

The last annual meeting of the stockholders of the corporation prior to the application for dissolution was held on January 30, 1907.  At this meeting 11 directors were elected, which is the number specified in the articles of incorporation.  It may fairly be found that these 11 directors entered upon the duties of their office and assumed to act as such.  At the time of the election of these directors some of them were not stockholders in fact, although they were stockholders on the record.  The question was raised as to their eligibility to the office, and it was there stated that they were eligible, and in fact some of these very directors whose right to act is now questioned were told prior to the sale of their stock by the respondent Winters that the stock would not be transferred upon the record, and that they would thereby be qualified to act.  On August 30, 1907, a meeting of the stockholders of the corporation was called, and proceedings were taken to reduce the number of directors from eleven to five.

On January 23, 1908, the appellants, six in number, being a majority of those directors elected upon January 30, 1907, petitioned the court for the voluntary dissolution of the corporation.  Upon this petition, which was upon notice to the Attorney General, an order was made, as required by section 2423 of the Code of Civil Procedure, appointing a temporary receiver and requiring all persons interested to show cause before a referee why the corporation should not be dissolved.  On the day following these respondents procured an order to show cause from the same justice who granted the former order why the order granted should not be vacated; the contention being that the petition upon which the original order was made was not signed by a majority of the trustees of the corporation.  Upon this application the original order was vacated, and, from the order then made, this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG,' COCHRANE, and SEWELL, JJ.

Hinman, Howard & Kattell, for appellants.
Frederick E. Hawkes, for respondents.

SMITH, P. J.  The number of shares of stock represented by the appellants is small.  It would appear, however, that these appellants represent in fact the lodge itself, which owns 230 shares of the capital stock.  It is probably true that, not being stockholders, they never were de jure directors of this corporation.  The situation was apparently known, however, to all the stockholders at the time of their election, and within the authority of the Matter of Santa Eulalia Silver Mining Company, 21 N. Y. St. Rep. 89, 4 N. Y. Supp. 174, they were authorized to sign this petition for a dissolution.  This case was affirmed upon the opinion below in 115 N. Y. 657, 21 N. E. 1119.

It is claimed, however, that the proceedings to reduce the number of directors in August, 1907, operated to vacate their office, as they were not properly qualified when elected. One difficulty with this proposition is that of the directors who would be left as the directors of the corporation the majority were not members of the lodge. If these appellants, therefore, were de facto directors, the court will not hold their offices vacated when the effect of such a holding would be to leave a majority of the board disqualified as not being members of the Manoca Lodge. The statute authorizing the reduction of the number of directors makes no provision as to how that reduction is to be effected after it has been voted. It is impossible to say that certain of the directors have been ipso facto deprived of office, while others remained as directors of the corporation. Unless, therefore, the number can be reduced by the voluntary act of the directors themselves, it would seem that the proceeding can only become effective when the terms of office of a sufficient number of directors expire. We think, therefore, that the petition was sufficient under section 2419 to authorize the granting of the order to show cause.

We are satisfied that a temporary receiver should not be appointed in this case except upon full hearing of all parties. The respondents here represent the larger interests both of the stockholders and of the creditors, and they at least should be heard upon the question as to whether a temporary receiver should be appointed. The order appealed from should, therefore, be reversed with $10 costs and disbursements, and the original order modified so as to strike therefrom the provision for the appointment of a temporary receiver, without prejudice, however, to any of the parties to proceed upon notice to the respondents for the appointment of a temporary receiver if they should be so advised.

Order reversed with $10 costs and disbursements, and original order modified so as to strike therefrom the provision for appointment of temporary receiver, without prejudice to motion on behalf of any of the parties, upon notice to the respondents, for appointment of temporary receiver if they should be so advised. All concur except KELLOGG, J., in result, and CHESTER, J., who dissents.