(Sup. Ct.) MacMAHON v. STEPNEY SPARE WHEEL AGENCY. 823

---

MacMAHON v. STEPNEY SPARE WHEEL AGENCY et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910)

JUDGMENT (§ 735*)—RES JUDICATA—MATTERS CONCLUDED.

It being sufficient to warrant one joining in a petition for voluntary dissolution of a corporation, and to confer jurisdiction on the court to entertain the proceedings, that he be a de facto director, the order granting the petition, signed by L. and two others, directors, is not, in an action to set aside, as procured by fraud, the assignment by plaintiff to L., regular on its face, of the stock by virtue of which he was elected director, res judicata of the validity of the assignment; such issue not having been actually litigated, or necessarily involved.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1263; Dec. Dig § 735.*]

Appeal from Trial Term, New York County.

Action by Stephen A. MacMahon against the Stepney Spare Wheel Agency and others. From a judgment entered on a decision after trial, plaintiff appeals. Reversed, and new trial granted.

See, also, 133 App. Div. 891, 118 N. Y. Supp. 1122.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Alexander Thain, for appellant.
Charles F. Brown, for respondents.

SCOTT, J. Plaintiff appeals from a judgment dismissing his complaint at Trial Term. The plaintiff was a stockholder in and a director of the Stepney Spare Wheel Agency, the defendant corporation, holding five shares of the capital stock, of which four shares, together with stock belonging to other stockholders, was issued to and held by the defendant Maclay under a voting trust agreement. On or about April 24, 1908, plaintiff executed a transfer of his stock to defendant Myers. On May 11, 1908, at a meeting of the directors of the corporation, Myers was elected a director of the corporation, upon the theory that plaintiff, by transferring all of his stock, had disqualified himself to be a director, and ipso facto vacated his office. On May 18th Myers, having transferred his stock to one Malcolm J. A. Lissberger, resigned, and said Lissberger was elected in his place.

The purpose of the present action is to set aside the transfer of the stock from plaintiff to Myers on the general ground, stated in detail in the complaint, that Myers had fraudulently induced plaintiff to make the transfer. After Lissberger had become a director, a volun-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tary proceeding for the dissolution of the corporation was initiated by said Lissberger and two others, describing themselves as and claiming to be directors. Plaintiff was made a party to the proceeding and participated in it. He and one Riley, claiming to be the president, appeared and answered, denying that said Malcolm J. A. Lissberger was a director, and alleging that both plaintiff and Riley were directors, and had never been removed or had resigned. The matter was sent to a referee to take proof of the facts alleged in the petition. He reported that the company was insolvent and that the material allegations of the petition were true. In the course of his report he found that plaintiff had sold, assigned, and transferred his said shares of stock to defendant Myers for a good, valuable, and present consideration, and had thereupon become, by operation of law, ipso facto disqualified as a director of the corporation. Upon the coming in of this report the court, without in terms confirming the report, found that the company was insolvent, ordered that it should be dissolved, and appointed a receiver of its assets. Upon the trial of the present cause the defendants were permitted, apparently without opposition, to interpose a supplemental answer setting up the foregoing dissolution proceedings, whereupon the court refused to hear any evidence in support of the allegations of the complaint, holding that the validity of the assignment of the stock from plaintiff to Myers had been conclusively established by the dissolution proceedings, and was res adjudicata.

It is now contended in support of this ruling that the statute permits a petition for a voluntary dissolution to be made only by directors; that the petition alleged that Lissberger was a director; that this allegation was denied, and directly put in issue by the answer; that the order granting the prayer of the petition must be held to have adjudged that Lissberger was a director, as otherwise the court would have been without jurisdiction to proceed; and that this involved an adjudication that the transfer of the stock by plaintiff to Myers, and from him to Lissberger, was unassailable. An adjudication between the same parties is conclusive, speaking generally, as to all matters necessarily involved which were actually litigated, and also as to all matters, whether actually litigated or not, which were necessarily involved and might have been litigated. The record of the dissolution proceedings shows that the issues tendered by the complaint herein as to the matters which it is claimed rendered the assignment from plaintiff to Myers voidable were not actually litigated, and in our opinion they were not necessarily involved. The transfers of stock from plaintiff to Myers and from Myers to Lissberger were regular upon their faces, and by virtue of such transfers, and his election in succession to Myers, Lissberger was, when he signed the petition for dissolution, an apparent and a de facto director. This was sufficient to warrant his joining the petition, and to confer jurisdiction upon the court to entertain the proceedings. Matter of Manoca Temple Ass'n, 128 App. Div. 796, 113 N. Y. Supp. 172. The order assuming jurisdiction and dissolving the corporation went no further, as an adjudication, than to establish the fact that Lissberger was a de facto director.

The issue as to whether or not plaintiff's transfer to Myers was voidable was not involved, and was not passed upon.

It follows that the judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.