ALBERT S. APSEY vs. CHATTEL LOAN COMPANY.

Suffolk.    November 20, 1913. — January 9, 1914.

Present: Rugg, C. J., Hammond, Loring, Braley, & De Courcy, JJ.

Contract, Implied in fact.    Chattel Loan Company.    Corporation, Officers and agents.    Charity.    Public Officer.

Under St. 1907, c. 415, creating the Chattel Loan Company and providing in § 4 "that one director shall be appointed by the Governor of the Commonwealth" and that the compensation for his "services and attendance at the meetings shall be paid by said corporation," if such a director is appointed by the Governor, accepts his appointment and is paid for his services by the corporation during a considerable period of time, and the other directors consent to his continuing to act as director under conditions which show an understanding by them of his expectation of being paid for his services, it can be found that the corporation accepted the services of such director under such circumstances that it expected or ought to have expected that they were to be paid for, and thus, without any formal vote, bound itself to pay a reasonable compensation for such services.

The Chattel Loan Company, created by St. 1907, c. 415, "for the purpose of loaning money upon pledge or mortgage," although certain provisions of that charter show that its business is to be under careful supervision and conducted so as to discriminate under proper circumstances in favor of small loans to the indigent, is a business corporation and not a charity.

A director of the Chattel Loan Company appointed by the Governor of the Commonwealth under the provisions of the charter of that corporation contained in St. 1907, c. 415, § 4, is not a public officer.

A director of the Chattel Loan Company appointed by the Governor of the Commonwealth under the provisions of the charter of that corporation contained in St. 1907, c. 415, § 4, is not required to be appointed annually and, in the absence of anything to the contrary, may serve until his successor is appointed.

Rugg, C. J. This is an action to recover compensation for services rendered as a director of the defendant. St. 1907, c. 415, incorporates the defendant as a corporation "for the purpose of loaning money upon pledge or mortgage." Section 4 provides "that one director shall be appointed by the Governor of the Commonwealth," and that the compensation for his "services and attendance at the meetings shall be paid by said corporation." The plaintiff was appointed such director in June, 1909, accepted the appointment, and up to the bringing of this action continuously acted and performed services as such director, and the

defendant received and accepted the benefit of his services, which were substantial in character and took a considerable portion of his time each week. The defendant paid the plaintiff for his services at the rate of $500 per year until February 1, 1911, and from February 1 to November 1, 1911, after some discussion as to compensation, he was paid at the rate of $800 per year, but since that date has been paid nothing. At many meetings of the directors since November 1, 1911, the plaintiff has demanded payment at this rate for his services. The directors have at different times promised to pay him, but no vote of the board has been passed fixing compensation. There was evidence that the nature and extent of his services were known to the directors and that they were reasonably worth at the rate of $800 per annum. No provision touching this matter is made in the by-laws. A finding was made for the plaintiff in the court below upon the second count of his declaration, which was upon an account annexed.*

The mere rendition of valuable services to a corporation by one of its directors, without evidence tending to show the circumstances under which they were rendered, does not warrant the inference of a contract for compensation. It is matter of common knowledge that officers of public and private corporations often perform service of great value without any thought of remuneration and under an implication that they shall be gratuitous. The fact that one is a director generally militates against the implication that there is an implied contract for payment for that which he does for the corporation. *Marcy* v. *Shelburne Falls & Colrain Street Railway*, 210 Mass. 197.

But the services of the plaintiff in the case at bar arose in an unusual way. He was appointed by the Governor as a director under a statute which made it an express duty of the corporation to pay compensation not only for the services rendered but also for attendance at meetings of the directors. This duty was imposed upon the corporation itself by the terms of the statute, and was not to be fixed by a vote of the board of directors as a condi-

---

* This finding was made by *Cohen*, J., as special justice of the Municipal Court of the City of Boston. At the defendant's request the judge reported the case to the Appellate Division, who made an order dismissing the report, from which the defendant appealed.

tion precedent to the existence of the right to remuneration. Compensation was paid for a considerable period of time. There was ample evidence to warrant a finding that the other directors of the defendant understood that the plaintiff was rendering his services in the expectation of being paid for them, and that they consented to his continuing to act as director under such conditions as would raise the implication of a promise to pay. A business corporation may be bound to an implied contract as well as a natural person. An inference of a contract of this nature against such a corporation may be found when it voluntarily takes advantage of arrangements made in its interest and accepts the benefits of services rendered in its behalf. The evidence well warranted a finding that the defendant accepted the services of the plaintiff under such circumstances as to raise a presumption that it expected or ought to have expected that they were to be paid for. *Bartlett* v. *Mystic River Corp.* 151 Mass. 433, 435. A formal vote of the board of directors or of the corporation was not necessary. *North Anson Lumber Co.* v. *Smith*, 209 Mass. 333, 338.

This principle is recognized in *Sawyer* v. *Pawners' Bank*, 6 Allen, 207, and *Pew* v. *First National Bank of Gloucester*, 130 Mass. 391, but the facts of those cases were so different as to require the application of another rule.

An examination of the defendant's charter shows that it is a business corporation organized for the purpose of conducting what is commonly called a small loan business. While certain sections, for example §§ 5, 9 and 10, as well as § 4, requiring two of its directors to be appointed by public officers, show that its business is to be under careful public supervision and with a view to absolutely fair treatment of its customers, with discrimination under proper circumstances in favor of small loans to the indigent, this does not make the defendant a charitable corporation. It is still a business corporation conducting a commercial venture of a nature which offers peculiar opportunities for oppression of the poor, under a statute reducing to a low degree. the possibilities for harsh treatment.

Cases like *Cook* v. *Springfield*, 184 Mass. 247, which involve compensation for the services rendered by a public officer, plainly are distinguishable. The plaintiff, although appointed by

a public executive, did not hold a public office, but one of private emolument. Even though the defendant had nothing to do with his selection, it voluntarily accepted a charter which contemplated the payment of reasonable compensation to the appointed directors in the absence of any express agreement. There was abundant evidence from which the court below could find what was the reasonable value of the services rendered by the plaintiff. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8.

It was not necessary that the plaintiff be appointed annually a director. This is not required by the express terms of the statute incorporating the defendant. By implication, in the absence of any other controlling rule, he would serve until his successor was appointed. *Knowlton* v. *Ackley,* 8 Cush. 93.

*Order affirmed.*

*S. R. Cutler,* (*J. W. De Cumbe* with him,) for the defendant.
*G. L. Wilson,* (*A. S. Apsey* with him,) for the plaintiff.