NATHAN A. TUFTS & others *vs.* WALTHAM AUTO BUS COMPANY & others.

Middlesex.     November 6, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Corporation,* Officers and agents. *Attorney at Law. Equity Pleading and Practice,* Master: findings. *Judgment.*

A suit in equity, by a creditor of a corporation against the corporation, an insurance company and others, to vacate a judgment for the defendant entered by agreement of the attorney of record for the corporation in an action by it against the insurance company upon a policy of fire insurance, for an accounting and for a receiver, was referred to a master, whose findings negatived allegations in the bill of want of consideration for the judgment and fraud upon the corporation in the entry thereof, and who found, with respect to allegations of lack of authority to agree to its entry, that the attorney had acted under the authority of three men who had constituted the corporation's board of directors; that, previous to the fire causing the loss for which the action was brought, the men had indorsed all their stock in the corporation to a third person, although the transfer was not recorded on the books of the corporation; that there was no provision in the corporation's by-laws to the effect that directors were not required to be stockholders; that the men did not resign as directors, but continued to act as such; that neither the attorney nor the representatives of the insurance company knew that they had indorsed their stock; and that they had authority to authorize the attorney to agree to the entry of the judgment. A final decree was entered dismissing the bill. *Held,* that

(1) In the circumstances, the three men must be considered to have acted at least as *de facto* directors and as such to have had

authority to authorize the attorney to agree to the entry of the judgment;

(2) As against the corporation and the plaintiff, its creditor, the acts of the *de facto* directors were valid and binding;

(3) On the facts found, the bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on January 17, 1917, by Nathan A. Tufts against Waltham Auto Bus Company, Queen Insurance Company of America, Walter S. Page, Daniel L. Tickton, and Charles L. Thomas.

The bill is described in the opinion. Certain other creditors of Waltham Auto Bus Company were allowed to intervene as plaintiffs. The suit was referred to a master, material facts found by whom are stated in the opinion. By order of *Williams*, J., after the filing of the master's report, the report was recommitted for the purpose of annexing thereto certain interrogatories and answers. By order of *Gray*, J., upon the filing of the master's supplemental report, there were entered an interlocutory decree confirming the master's reports, and a final decree dismissing the bill. The plaintiffs appealed from both decrees.

*J. E. Reagan*, for the plaintiffs.

*G. B. Rowell*, (*C. F. Albert* with him,) for the defendants.

PIERCE, J. This is a bill in equity brought in 1917 wherein Nathan A. Tufts, a judgment creditor of the defendant Waltham Auto Bus Company, a Massachusetts corporation hereinafter called the corporation, charged that a certain action brought by the corporation against the Queen Insurance Company of America, hereinafter called the insurance company, was settled by an agreement for "judgment for the defendant without costs," signed on behalf of the plaintiff by an attorney of record for the plaintiff; and that said attorney brought said action wholly without authority from any person capable of giving such authority and continued to act without authority and signed and filed said agreement for judgment without any sufficient authority. The bill prays that the judgment be vacated, for an accounting and a receiver, and for general relief. The case is before this court on the appeals of the plaintiff from interlocutory decrees confirming the

master's report, and from a final decree dismissing the bill.

The plaintiff filed interrogatories to the insurance company which were answered by that company and introduced in evidence by the plaintiff at a hearing before a master, who was appointed by the court following the completion of the pleadings.

The following facts are deducible from the allegations of the bill, the admissions of the several answers, the interrogatories, and the findings of the master: Nathan A. Tufts and the insurance company were the only parties represented at the hearings before the master. Tufts obtained a judgment against the corporation on December 26, 1915, which is unsatisfied. The corporation was duly organized by law and was doing business, known as jitney bus, in Waltham, Massachusetts. The officers were Daniel L. Tickton, president, Walter S. Page, treasurer, and Charles L. Thomas, clerk, who were also directors. The principal assets of the corporation were automobiles and on July 2, 1915, seven of them were insured by the insurance company for the sum of $11,200 for a term of one year against loss and damage by fire. On September 30, 1915, the corporation suffered a fire whereby the entire property insured was destroyed. Prior to the fire, during the month of September, 1915, the said Tickton, Page and Thomas while officers and directors of said corporation indorsed all the certificates of stock which they held in the corporation to one Atwood, who was considering a reorganization of the corporation. Said Tickton, Page and Thomas never resigned as officers and directors, and continued to act as such, and no transfer of their stock was ever made on the books of the corporation. There is no provision in the by-laws to the effect that an individual may be a director of the corporation without being a stockholder. See G. L. c. 156, § 22.

The bill charges, and the answers of the defendants admit, that an indictment was returned by the grand jury sitting at Cambridge on the first Monday of November, 1915, presenting that Daniel L. Tickton and Charles L.

Thomas, on September 30, 1915, at Waltham, wilfully and maliciously did burn a certain building, to wit, a garage of William G. Krafts, containing certain automobiles which were at the time of said burning insured in the defendant insurance company against loss and damage by fire with intent thereby to injure the insurer; that on December 22, 1915, the defendants were arraigned and pleaded not guilty and on April 24, 1916, the action was nolprossed by the assistant district attorney. The bill further charged, but the answers denied and the master did "not find," that Walter S. Page was informed that he would be indicted and joined with the said Tickton and Thomas in the criminal prosecution then pending against them.

The bill alleges, and the answers admit, that the corporation on January 6, 1916, brought an action of contract against the insurance company to recover damages for loss sustained by the corporation by reason of the aforesaid fire; that the writ was duly served and entered in the Superior Court for Middlesex County; that an agreement for judgment for the defendant without costs was entered in said action on behalf of the plaintiff by William J. Bannan, attorney of record for the plaintiff. As respects this action of Bannan the master finds as a fact, without a report of the evidence, that Bannan was authorized to bring the action, and that he had no knowledge that Tickton, Page and Thomas had indorsed and delivered their stock to anyone else; and that he was authorized by them to settle the action and to file the agreement for judgment for the defendant.

The bill charges that the action commenced by the corporation against the insurance company was settled without consideration; that the parties settling the action were not duly authorized so to do; that an agreement was made between Tickton, Thomas and Page and the insurance company to dispose of the case between the corporation and the insurance company, providing the complaint against Tickton and Thomas was nolprossed; that at the time of said agreement the said Tickton,

Thomas and Page did not own nor control any of the stock of the corporation and had ceased to be officers therein; that said Tickton, Thomas and Page, acting in their own behalves and for their own interests with the insurance company "perpetrated a fraud" upon the corporation and its creditors "in the suit brought on the insurance policy as aforesaid"; and that said agreement was a fraud upon the creditors of the corporation. As respects these allegations and charges, the master, without a report of the evidence and presumably because of a want of evidence to sustain the charges, reported: "I do not find that the case of the Waltham Auto Bus Company vs. Queen Insurance Company of America was settled without consideration. I find as a fact that the parties settling said action were authorized to settle the case. I do not find that there was any agreement made between Tickton, Page and Thomas and the Queen Insurance Company to dispose of the case provided the complaint against Tickton and Thomas was nolprossed. I do not find any evidence of fraud. Tickton, Page and Thomas, holding themselves out as officers of the Waltham Auto Bus Company, and the Waltham Auto Bus Company by its counsel, Mr. Bannan, met the attorney for the insurance company, and, after discussing the case pro and con, agreed upon a settlement of $400, which was paid to Mr. Bannan." The evidence not being reported and the subsidiary facts found not being inconsistent, the master's finding, that the charge of fraud on the corporation and its creditors was not proved, must stand.

The question of substance which is presented by the bill upon the facts admitted or found is: Did Daniel L. Tickton, Walter S. Page and Charles L. Thomas have authority as officers and directors of the corporation to authorize William J. Bannan on behalf of the corporation to agree to and to enter a judgment for the defendant insurance company without costs in the Superior Court, said Tickton, Page and Thomas not being stockholders of the corporation but purporting to act as officers and directors of the corporation in behalf of the corporation?

G. L. c. 156, § 22, in its material part reads: "Every director, unless the by-laws otherwise provide, shall be a stockholder. The directors and other officers shall hold office for one year and until their successors are chosen and qualified." The quoted provision of the statute when applicable has for its object the creation of a body of directors, the members of which hold a defined tenure of office and are personally interested in its financial success. The statute has the further purpose that at all times corporations shall have agents efficient to execute for their corporations all acts which by the laws of the Commonwealth are required to be performed by the directors and officers. The plaintiff does not contend that Tickton, Page and Thomas were not eligible when elected directors or that as such they had not authority to institute the action against the insurance company, and there is no dispute between the parties to the action but that each director had become disqualified to hold the office of director when the individual defendants, acting as a board of directors of the corporation, authorized its attorney to make the agreement and to enter judgment in the court for the defendants without costs. The bill does not charge and the master does not find that the attorney for the corporation or the insurance company had actual knowledge that the individual defendants had become disqualified to act as directors when, purporting to act as the board of directors, they authorized the settlement of the action against the insurance company. In the circumstances here found the individual defendants must be held to have acted at least as *de facto* directors and as such to have had authority to authorize Bannan to enter the judgment for the defendants. *Knowlton* v. *Ackley,* 8 Cush. 93, 95. *Apsey* v. *Chattel Loan Co.* 216 Mass. 364, 367. *Robinson* v. *Blood,* 151 Cal. 504, 506. *Kuser* v. *Wright,* 52 N. J. Eq. 825. It follows that as to the corporation and as to the creditors of the corporation the acts of the *de facto* directors must be held valid and binding. *Merchants National Bank* v. *Citizens' Gas Light Co.* 159 Mass. 505, 511. *Stratton Massachusetts Gold*

*Mines Co.* v. *Davis*, 222 Mass. 549, 553.  *Kuser* v. *Wright, supra.*

A careful consideration of the objections taken to the master's report discloses that they rest upon the bare assumption that a creditor of a corporation in equity can inquire into the validity of the acts of *de facto* directors, when, in like circumstances, there could be no inquiry into the acts of *de jure* directors.  It is plain that third-person creditors of the corporation have no such right.  The facts found show a consideration for the agreement and the absence of actual or constructive fraud.

*Decrees affirmed with costs.*