*In re* PETITION OF ANDREWS.

1. CORPORATIONS—STATUTES—DIRECTORS—STOCKHOLDERS.
   Statutes requiring that directors of a corporation be stockholders and by-laws making like requirement evidence policy of putting corporate management in hands of persons with pecuniary interest (Act No. 232, Pub. Acts 1903, Act No. 84, Pub. Acts 1921).

2. SAME—STATUTES—BY-LAWS—DIRECTORS—STOCKHOLDERS.
   Statute providing that directors need not be stockholders unless articles so provide is not inconsistent with nor revocable of previously-enacted by-laws requiring directors to be stockholders (Act No. 327, Pub. Acts 1931, § 13).

3. SAME—DIRECTORS DE JURE—DE FACTO DIRECTORS.

Directors duly elected under by-laws requiring them to be stockholders ceased to be directors *de jure* upon ceasing to hold stock, but, if· they continue to act as directors under color of position and title they hold in fact and are permitted to do so by stockholders, they are *de facto* directors and their acts as such are valid as to third persons.

4. SAME—DE FACTO DIRECTORS—DISSOLUTION—PERMISSIVE ACTION BY STOCKHOLDERS.

Petition for dissolution presented by *de facto* directors of a corporation gave court jurisdiction to decree dissolution where stockholders permitted such action (3 Comp. Laws 1929, § 15310).

Appeal from Jackson; Williams (Benjamin), J. Submitted January 22, 1934. (Docket No. 141, Calendar No. 37,627.) Decided January 30, 1934.

In the matter of the petition of Harold F. Andrews, C. L. Halladay and Roger W. Smith, members of board of directors of Alloy Steel Spring & Axle Company, a Michigan corporation, for its dissolution. Arthur C. Bloomfield and others, creditors and stockholders, appeal from order denying petition to vacate order of dissolution. Affirmed.

*Whiting, Kleinstiver & Aubrey,* for appellants.

*Bisbee, McKone, Wilson, King & Kendall,* for appellees.

WIEST, J. This is an appeal from refusal of the circuit court to vacate a decree dissolving a corporation.

The Alloy Steel Spring & Axle Company, herein referred to as the corporation, was organized in 1914, under Act No. 232, Pub. Acts 1903 (2 Comp. Laws 1915, § 9017 *et seq.*). In June, 1928, the corporation amended its articles under Act No. 84, Pub.

Acts 1921 (2 Comp. Laws 1929, § 9943 *et seq.*), and adopted by-laws providing for election of directors:

"Who shall be chosen by and from the stockholders at their annual meeting to hold office for one year or until their successors shall be elected and qualified.    *    *    *

"In case any director shall die, resign or dispose of all of his stock, his position as director and any office he may hold shall thereby become vacant and such vacancy may be filled for the remainder of the year by the board of directors."

The mentioned acts provided that all directors be shareholders.

Act No. 327, Pub. Acts 1931, codified corporate law, and section 13 thereof provides that "directors *    *    * need not be shareholders unless the articles so provide."

January 20, 1932, qualified directors were elected and no successors have been elected. One director resigned. Three of the remaining four directors disposed of their shares of stock in the corporation and thereafter, on August 4, 1933, the three adopted a resolution authorizing the board to petition the court for dissolution of the corporation and appoint a receiver under the statute (3 Comp. Laws 1929, § 15310 *et seq.*). August 5, 1933, the three nonshare holding directors petitioned the court for such dissolution and, upon notice and hearing, the court, on September 20, 1933, dissolved the corporation, appointed a receiver and ordered sale of the assets. The sale was set for October 23, 1933. October 21, 1933, creditors and stockholders, petitioners herein, asked the court to vacate the order of dissolution and direct return of all assets to the corporation, alleging that the petitioners for dissolution were not

qualified directors and could not and did not give the court jurisdiction to act. Denial of the petition presents the following question:

"Where the by-laws of a corporation adopted under Act No. 84, Pub. Acts 1921, require directors to be stockholders and further provide that upon disposing of all of their stock their office as such directors shall become vacant, and the corporation continues to exist after Act No. 327, Pub. Acts 1931, goes into effect, do persons duly elected directors of such corporation have authority to file petition for dissolution under 3 Comp. Laws 1929, § 15310, after disposing of all of their stock?"

Two other questions are presented but an affirmative answer to the mentioned question disposes of them.

The acts of 1903 and 1921 both required that directors be shareholders. This statutory requirement was carried into the by-laws in 1928, together with its necessary sequence that loss of the essential qualification occasioned vacancy. The statute evidenced a legislative policy and the by-laws, corporate commitment thereto, thereby authorizing management of the affairs of the corporation by persons having a pecuniary interest therein. The act of 1931 was permissive and not mandatory of a different policy, and did not, by implication, revoke or prevent continuance of the former policy, set forth in the by-laws. Corporations, organized under the 1931 act, may, by by-law, provide that directors be shareholders. Upon ceasing to be shareholders the directors ceased to be directors *de jure* but, if they continued to act, and were so permitted to act by the shareholders, then action by them, under color of the position and title they held in fact, authorized the court to accept and act upon their petition for dissolution of the corporation for, in the eye of the

law, in this proceeding, they were *de facto* directors. It appears that they worked with a creditors' committee in an endeavor to bring the corporate affairs to an adjustment before seeking dissolution, and it is significant that, upon statutory notice of the hearing upon the petition for dissolution, no stockholder or creditor appeared in opposition thereto.

The statute of 1931, in declaring that directors need not be stockholders, did not at all change the right of a corporation to provide by by-laws that directors must be stockholders. The by-laws here involved are consistent with the present statute.

In 2 Fletcher, Cyclopedia Corporations (Perm. Ed.), § 298, it is said:

"Even if a general statute permits the president to be one other than a director, the board of directors may by their by-laws limit the choice of such officer to one of their number."

And in 8 Fletcher, Cyclopedia Corporations (Perm. Ed.), § 4183:

"Existing by-laws on a particular subject are not necessarily abrogated by the enactment of a statute on the same subject with provisions at variance with the by-laws where the terms of the statute are permissive."

The by-laws were not abrogated by the act of 1931.

In *Despatch Line of Packets* v. *Bellamy Manfg. Co.,* 12 N. H. 205, 223 (37 Am. Dec. 203), a by-law of a corporation provided that any person chosen a director should cease to be one when he ceased to be a proprietor and it was held:

"By electing him a director, and permitting him to act as such, the corporation held him out to the world as a director—as one of their agents, having

all the powers of an agent of that description, and to be trusted as such. And it was only necessary, under such circumstances, for those who dealt with the corporation through him, to inquire what powers directors had, and what acts the corporation had authorized them to do. They were not required to investigate the qualifications which the corporation had prescribed to itself, as the condition upon which any one should be elected, or permitted to act.''

In *San Jose Savings Bank* v. *Sierra Lumber Co.,* 63 Cal. 179, it was held, quoting syllabus: ·

''A director of a corporation, who ceases to be a stockholder during the term for which he was chosen, but continues to act as a director, no judgment of ouster having been pronounced against him, is a director *de facto,* and his acts are valid as to third persons.''

In *Tufts* v. *Waltham Auto Bus Co.,* 273 Mass. 390 (173 N. E. 537), it was held that the acts of *de facto* directors, in authorizing an attorney to agree to the entry of a judgment, were valid and binding upon the corporation and its creditors. We quote from ᐧ the opinion:

''G. L. c. 156, § 22, in its material part reads: 'Every director, unless the by-laws otherwise provide, shall be a stockholder. The directors and other officers shall hold office for one year and until their successors are chosen and qualified.' The quoted provision of the statute when applicable has for its object the creation of a body of directors, the members of which hold a defined tenure of office and are personally interested in its financial success. The statute has the further purpose that at all times corporations shall have agents efficient to execute for their corporations all acts which by the laws of the Commonwealth are required to be performed by the directors and officers. The plaintiff does not con-

tend that Tickton, Page and Thomas were not eligible when elected directors or that as such they had not authority to institute the action against the insurance company, and there is no dispute between the parties to the action but that each director had become disqualified to hold the office of director when the individual defendants, acting as a board of directors of the corporation, authorized its attorney to make the agreement and to enter judgment in the court for the defendants without costs. * * * In the circumstances here found the individual defendants must be held to have acted at least as *de facto* directors and as such to have had authority to authorize Bannan to enter the judgment for the defendants.''

In *Kuser* v. *Wright,* 52 N. J. Eq. 825 (31 Atl. 397), it was claimed that a director had disposed of his stockholdings and, by force of the statute, ceased to be a director. The court stated:

''That such a result justly or legally flows from these premises cannot be conceded. It is apparent that dealing with these corporate bodies would be in the highest degree hazardous and unsafe if the public, without notice in fact, is chargeable in law with knowledge of a latent infirmity in the title of every director of the company.

''Bell's original title to the office of director was good; it is not denied that he was legally elected. The corporation held him out to the public as one of its duly-authorized agents by failing to declare his office vacant and electing his successor.''

See, also, *Doremus* v. *Dutch Reformed Church,* 2 H. W. Green Ch. (3 N. J. Eq.) 332.

In *MacMahon* v. *Stepney Spare Wheel Agency,* 140 App. Div. 554 (125 N. Y. Supp. 823), it was held that a petition for dissolution of a corporation, signed by a *de facto* director, was sufficient to confer

jurisdiction upon the court to entertain the proceedings. To the same effect, see *Matter of Manoca Temple Ass'n,* 128 App. Div. 796 (113 N. Y. Supp. 172).

The petitioners for the dissolution were *de facto* directors of the corporation.

It follows from what we have said that the court had jurisdiction to decree dissolution of the corporation and the order, denying the petition to vacate the order of dissolution, is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.